TANNER *vs.* KING.

APPEAL FROM THE COURT OF THE SECOND JUDICIAL DISTRICT, THE JUDGE THEREOF PRESIDING.

The domicil of a person is his home, where he establishes his household and fixed residence; and this domicil is not changed by his occasional absence in another parish, where he owns property, attending to his business there, when it is his intention to return.

This is an action to recover the one half of a note, and of a mortgage debt, amounting to five hundred and thirty-two dollars, which the plaintiff alleges is due and owing by the defendant, Richard King. That said King resides alter-

nately in two or more parishes, and that he has an establishment in the parish of Terrebonne; is liable to be sued there.

The defendant failed to appear and answer, and judgment by default was rendered against him for the sum claimed.

He afterwards obtained an injunction, alleging that he was, at the time of instituting the orignal suit, and still is, a resident of the parish of Ouachita, having removed there from the parish of Catahoula, where he had resided for the last fifteen years before. He prays that said judgment be annulled and set aside, as having been rendered by a court without jurisdiction.

To this suit the defendant, Tanner, pleaded a general denial.

On hearing the evidence, the district judge was of opinion that the domicil of King was in the parish of Terrebonne, and that he was properly sued there. The injunction being dissolved, and the original judgment in force, King appealed.

The material facts and evidence of the case are fully stated in the opinion of the court.

*Taylor*, for the plaintiff.

1. The plaintiff and appellee proved that the residence of the defendant, Richard King, was nearly of the same nature in the parishes of Terrebonne and Catahoula. *Louisiana Code*, 42. *Code of Practice*, 166.

2. The defendant himself shows, that at the time the suit was instituted, he had abandoned his domicil in Catahoula altogether, and he failed to show that he had his domicil in Ouachita, by any sufficient testimony. *Louisiana Code*, 44.

*J. Slidell* and *Ives*, for defendant and appellant.

The plaintiff had his principal establishment and habitual residence in the parish of Catahoula, where he resided from the year 1820 until May 1834. The evidence shows that since that, every year he made a visit to Terrebonne, where he had a plantation, but nothing indicates an intention of changing his domicil, which, having once been acquired in

Catahoula, could only be lost by the act of residing in another parish, combined with the intention of making his principal establishment there. The evidence completely rejects the idea of such an intention.

2. At the time of the institution of this suit, the plaintiff having removed to Ouachita, in the absence of any declaration made to the parish judges, in conformity with the 43d article of the code, his creditors may have had the option of suing him either in Catahoula or Ouachita; but if he had not, at the institution of the suit, acquired a domicil in Ouachita, he certainly had not lost it in Catahoula, so far at least as to make him amenable to the jurisdiction of Terrebonne. *Story's Conflict of Laws, pages 39, 47.*

*Carleton, J.,* delivered the opinion of the court.

Suit having been instituted under the above title in this case against the defendant, the sheriff returned on the process of citation, "served the same, by leaving a copy thereof, and petition with his overseer, Henry Campster, in person, at the domicil of Richard King, said Richard King being absent from the parish."

Judgment was taken by default, and being confirmed, defendant presented his petition, alleging its nullity, on the ground that he was not an inhabitant of the parish of Terrebonne, where the suit was instituted, but that his residence was in the parish of Ouachita; that the court, therefore, had no jurisdiction over him, and concludes by praying that the judgment be declared null and set aside, and that all further proceedings thereon be enjoined. An injunction was accordingly granted. Tanner appeared as defendant in the case, and plead the general issue.

The cause was submitted to the court, who set aside the injunction, and rendered judgment as of non-suit against King.

The controversy between the parties turns entirely upon the question, whether or not King was an inhabitant of the parish of Terrebonne, at the time of the institution of the first suit.

23

Kincaid, plaintiff's witness in the injunction case, stated that he had known the plaintiff to be a resident of Catahoula, from the year 1820 until the early part of May, 1834, when he removed to the parish of Ouachita, where he now resides; that he had repeatedly heard him say that his absence from home, in the parish of Terrebonne, would depend upon the progress he made in the settlement of his brother's estate in that parish; that the main bulk of plaintiff's property was in Ouachita.

Bryant, a witness on the same side, stated that he knows that King had frequently gone to Terrebonne, to transact the business of his deceased brother's estate; that he had always claimed his domicil in Catahoula, until May, 1834, when he removed to Ouachita, with his family and furniture, and both this witness and Williams, a third witness introduced by King, are made to say, by their answers to certain leading questions, that he had removed *permanently* to Ouachita.

Two witnesses were examined on the part of the defendant, who stated in substance, that King was formerly joint owner of a sugar estate, in Terrebonne, with his brother, now deceased; that he was appointed curator to his brother's estate, and afterwards purchased the whole on his own account; that he frequently resided there five or six months during the winter and sugar making season, bringing with him his family, servants and provisions, and took them off with him on going away; and one of them stated "there were many plantations in that parish belonging to non-residents, and that he cannot say that he considered King as being a resident of that parish.

We do not agree with the district judge in the conclusions of fact he has drawn from this testimony. It is fully shown that King's fixed residence had been for near fifteen years in Catahoula, and that in May, 1834, he removed, with his family and furniture, to Ouachita.

The domicil of a person is his home, where he establishes his household, and surrounds himself with the apparatus and comforts of life. Though he departs for a season, it is

always with the intention to return. When once fixed, it will continue until the contrary be affirmatively shown. He may change it at will, and any restraint upon his choice would be an abridgment of his rights. If he remove to another parish, his intention of making his domicil there may be manifested by his declaration before the judge, or may be inferred from circumstances. *Louisiana Code, article 45. Code of Practice, article 168.*

The law seeks for the intention, and allows every citizen freely to select his domicil accordingly, as his interest, inclination or even caprice may direct. The intentions being combined with actual residence, the purposes of the law are satisfied.

Though King passed a portion of several years in Terrebonne, yet his motives are explained. His interest carried him thither: he was only a sojourner, without any intention to remain longer than his business required. Should it appear in any degree doubtful, whether he had fixed his domicil in Ouachita, or still retained it in Catahoula, there can be no doubt that it was not in the parish of Terrebonne.

We think the court erred in dissolving the injunction. It is, therefore, ordered, that the judgment of the District Court be reversed, that the injunction granted by the court be made perpetual, and that Lemuel Tanner, the plaintiff in the first suit, pay costs in both courts.

*Margin note:* EASTERN DIST. *May,* 1837.

household and fixed residence; and this domicil is not changed by his occasional absence in another parish, where he owns property, attending to his business there, when it is his intention to return.