11L 189  79/
, 44  487

11  179
d125  738

## LACLOTTE'S HEIRS *vs.* LABARRE, TUTOR, ETC.

APPEAL FROM THE PROBATE COURT FOR THE PARISH AND CITY OF NEW-
ORLEANS.

Where a natural child dies, leaving neither ascendants or descendants, his natural brothers and sisters will inherit his succession to the exclusion of all others.

EASTERN DIST.
May, 1837.

LACLOTTE'S
HEIRS
vs.
LABARRE,
TUTOR, ETC.

This case presents only a question of heirship and right of inheritance, among the collateral relations of Mlle. Jeanne Laclotte, deceased, and the tutor *ad hoc* of a certain natural child, who calls herself Margaritte Laclotte, and alleged to be born of a slave woman, named Lafille, belonging to Laclotte, while her tutor asserts she is the natural daughter of Jeanne Laclotte herself. The brothers and sisters of the deceased claim the inheritance of her succession.

The facts of the case are sufficiently detailed in the following opinion of the court.

The judge of probates admitted the plaintiffs, who are the brothers and sisters of the deceased, to the heirship and inheritance exclusively, and the attorney for absent heirs appealed.

*Roselius* and *Grandmont*, for the plaintiff.

*Preaux*, for the absent heirs.

*D. Seghers*, for the defendant.

*Carleton, J.*, delivered the opinion of the court.

The petitioners aver that they are the brothers and sisters and sole heirs of Jeanne Laclotte, deceased ; that one Margaritte Laclotte, styling herself the natural child of the deceased, assisted by her tutor, has instituted proceedings to obtain possession of the estate ; that she is not the natural daughter of the deceased, but is, in truth, the child of her slave. They conclude with a prayer that they be recognized as the heirs of the said Jeanne Laclotte, and put into possession of her estate ; that a curator be appointed to administer the share coming to the absent heirs, not represented in the state, and that both the tutor *ad hoc*, and Robert Preaux, the attorney for the absent heirs, be cited in the cause.

The tutor in his answer plead the general issue and several exceptions, which it is not material now to notice.

The attorney for the absent heirs concurs with the plaintiffs in resisting the pretensions of Margaritte Laclotte ;

denies the capacity of the petitioners, as heirs; assents to the inventory made at the instance of the tutor, and prays for its confirmation.

EASTERN DIST.
*May,* 1837.

LACLOTTE'S
HEIRS
*vs.*
LABARRE,
TUTOR, ETC.

The court in its judgment recognized the heirship of the petitioners; ordered them to be put into possession of the estate; that an inventory be made contradictorily with the curator to be appointed to represent the absent brothers and sisters of the deceased, and the attorney already appointed to represent the other absent heirs, if any there be, on plaintiffs giving bond in the amount of the inventory for the restitution of the estate, should any heir appear within three years after their being put in possession, and set aside all the proceedings had under the petition of Margaritte Laclotte.

From this decree, the attorney for the absent heirs appealed.

It appears from the testimony coming up with the record, that Jeanne Laclotte was the illegitimate child of a white man by a colored woman, a native of St. Domingo, and that the plaintiffs are the natural brothers and sisters of the deceased. The probate judge thought they were entitled to the estate under article 917 of the Civil Code, which declares, that "if the father and mother of the natural child died before him, the estate of said natural child shall pass to his natural brothers and sisters or to their descendants."

Where a natural child dies, leaving neither ascendants or descendants, his natural brothers and sisters will inherit his succession to the exclusion of all others.

But the counsel for the absent heirs insists that the state is entitled to the succession, and cites article 923 of the code, which provides, that "in defect of lawful relations, or of a surviving husband or wife, or acknowledged natural children, the succession belongs to the state." We think both articles of the code may be regarded as one continuous act of legislation in *pari materia,* and we concur with the probate judge that where doubts arise in cases like the present, it is just and humane to interpret the law in favor of the plaintiffs: *in dubiis semper contra fiscum.*

The counsel further maintains it to be a general principle of jurisprudence, that the existence of legitimate heirs is

always presumed, and until the contrary appears, the irregular heirs are never called to the succession.

It does not, however, appear very clear that the deceased, who was an illegitimate child, and who had neither ascendants nor descendants, could possibly have any legitimate heirs at all.

Lastly, the counsel contends that a curator should have been appointed to the absent heirs, with whom the plaintiffs might have asserted their claims contradictorily, before they were put into possession of the estate, and relies on article 1181 of the code.

But it appears to us, that this law only contemplates the case where the absent heirs make their appearance after the curator is already appointed to the succession.

Upon the whole, we do not perceive any error in the decree of the court below ; wherefore, it is ordered and adjudged, that the judgment of the Court of Probates be affirmed, and the costs of both courts be borne by the succession of Jeanne Laclotte.