GRAVILLON *vs.* RICHARD'S EXECUTOR ET AL.

EASTERN DIST,
*April*, 1839.

APPEAL FROM THE COURT OF PROBATES, FOR THE PARISH AND CITY OF NEW-ORLEANS.

GRAVILLON
*vs.*
RICHARD'S EX'R.
ET AL.

131 293
46 258

13 293
109 1097

Where a person absconded from his creditors in France, and came to the United States, with a view of bettering his condition; and arriving in Louisiana, soon afterwards died, and his succession opened and administered here; *Held*, that no other domicil can be assigned but his original one in France, as he did not appear to have had any idea of establishing himself in Louisiana.

The fact of a person remaining in a foreign country, without any intention of establishing himself there, does not operate a change of his domicil. But as soon as the will of making a permanent establishment in the country, combined with the fact of his residence, even for a few days, fixes the domicil.

Although exiles have two domicils, in one sense, yet as to their successions the original domicil is regarded as the true one. In questions of doubt the original domicil is to be considered the true one.

The power of our courts to order the remission of funds belonging to a foreign succession opened here, to the representatives and creditors authorized to receive them by the courts of the domicil of the deceased, is undoubted; and every motive of public policy requires such transmission for distribution, etc.

This is an action instituted in the Court of Probates, for the city and parish of New-Orleans, by Jean Claude Gravillon, of the city of New-York, attorney in fact of the syndics of the creditors, and of the curator of the vacant estate of a person calling himself Etienne Richard, whose real name is Ennemond Richard Lioud, a native of France, lately residing and doing business at Annonay, in the kingdom of France, but who came to New-Orleans, by the way of New-York, in the beginning of the year 1837, and died. The deceased left a will, in which he appointed N. B. Le Breton, of this city, his testamentary executor, and instituted Charles François David Richard Chamberet, of St. Chamond, department of the Loire, in France, his universal legatee. His succession was opened in New-Orleans, and duly administered by

EASTERN DIST. the executor, who rendered his account, after having placed
*April*, 1839. on his tableau all the debts and legacies due to individuals in
the United States, known to him, which was homologated.

GRAVILLON
*vs.*
RICHARD'S EX'R.
ET AL.

the United States, known to him, which was homologated. This account showed a balance in the executor's hands, in money and credits, not exceeding thirty-five thousand dollars.

The petitioner shows, that the deceased was a merchant at Annonay, in France, and failed for a very large amount, in 1837, absconded from his creditors, and came to New-York, and from there to New-Orleans, where he died, the 22d June, 1837. The petitioner, residing in New-York, is duly authorized, by a power of attorney executed by the syndics in France, and the curator of the vacant estate of the deceased there, with authority to appoint a substitute, or attorney, in New-Orleans, to receive the proceeds of his succession, and transmit them to France, for the benefit of the creditors, all of whom reside there; and that he has substituted Mr. Joseph Albert, of New-Orleans, to receive for him said funds. He prays that the executor, and attorney appointed to represent the absent heirs, be cited, and after due proceedings had, that he be recognized as the duly authorized agent of all the creditors of the deceased, and that the proceeds of the succession be paid over to his substitute for their benefit accordingly.

The executor avowed himself ready to pay over the funds and effects in his hands to such person as the court should authorize to receive them.

The judge of the Court of Probates, from all the evidence before him, considered the question of the place of domicil of the deceased as very doubtful, but as he dwelt in Louisiana *animo manendi*, it was sufficient to authorize the conclusion that this was the place of domicil.

The Probate Court further decided, that it was charged with the supervision of the estates of deceased persons, whose successions were opened here, it should apply to their administration and distribution the provisions of the laws of Louisiana. That according to this view of the case, the present applicant could derive no aid to his pretensions, either from the principles of international law, or the comity existing between foreign and independent nations.

There was judgment rejecting the application of the plain- tiff, and decreeing that the funds remain in the hands of the executor, to be distributed according to the laws of Louisiana. The plaintiff appealed.

Eastern Dist.
*April,* 1839.

GRAVILLON
*vs.*
RICHARD'S EX'R.
ET AL.

*Benjamin,* for the plaintiff.

1. There can be no doubt, under our law, that if plaintiff had been appointed attorney in fact of the creditors, by authentic act of creditors entitled to a sum exceeding the balance in the executor's hands, he would have been bound to pay them that balance: both our codes so provide. Now all the parties reside in France ; the plaintiffs are not attorneys in fact, appointed by the creditors, by *an act before a notary public,* but they are the attorneys in fact of the syndics, appointed by proceedings before a *judicial tribunal,* viz., the tribunal of commerce. Surely this judicial tribunal is entitled to as much weight as a notary's act. The judge is an officer of equal dignity with the notary. The judicial mandate in this case is more solemn in its character, and more authentic in its form, than the verbal power of attorney passed before a notary.

2. But if wrong on this point, we are agents of the succession in France. France was the place of deceased's domicil ; all the parties interested in his succession reside there. All persons in the United States have been satisfied ; and so far as the balance of assets in the executor's hands are concerned, as this balance is to be distributed amongst debtors in France, where the debtors reside, and where the failure was opened, and all interested parties are represented, the succession here is clearly the *anciliary* succession, and that in France the *principal* one. Our citizens having been protected, the comity of nations requires that the funds remaining here should be distributed in France amongst the parties interested there. *Story on Conflict of Laws,* sections 422–3. *Harvey* vs. *Richards,* 1 *Mason,* 407. *Dawes* vs. *Head et al.,* 3 *Pickering,* 141.

3. Finally, if we regard the justice of the case, it is clear that it will be reached more certainly by a distribution where all the creditors reside and can prove their debts, than by

EASTERN DIST.
*April,* 1839.

GRAVILLON
*vs.*
RICHARD'S EX'R.
ET AL.

requiring each one to send to New-Orleans the proof of his claim, whereby a large majority of them would probably be deprived of any share of the proceeds, and all the property go to a few of the largest creditors, whose interests are sufficiently great to justify the enormous expense which would be occasioned by such a proceeding.

*Derbigny,* for the defendants and appellees.

*Eustis, J.,* delivered the opinion of the court.

On the 22d of June, 1837, a person calling himself Etienne Richard, died in the city of New-Orleans, leaving a will, in which he appointed N. B. Le Breton his executor, and instituted as his universal legatee, Charles François David Richard Chamberet, of St. Chamond, department of the Loire, in the kingdom of France. On receiving information of this testamentary disposition, the legatee, by a declaration at the *greffe* of the tribunal of the first instance, sitting at Tournon, in the department of L'Ardeche, acknowledged the deceased to have been his brother; that in his life time he had been in trade at Annonay, and had left France in 1837; that he, the legatee, refused to avail himself of the provisions of the will, as the property of his deceased brother rightly belonged to his creditors, whose debts, the property left by him in France was insufficient to satisfy. The legacy was renounced in due form.

By a judgment of the tribunal of commerce sitting at Annonay, department of L'Ardeche, rendered on the 3d February, 1837, the deceased had been declared to be in a state of bankruptcy, and provisional syndics were, in March afterwards, appointed to his estate. On the 7th of August, definitive syndics were appointed. At the instance of the definitive syndics, Jacques Chapius, notary at Annonay, was appointed by the court of the first instance at Tournon, curator of the vacant succession of the deceased. The syndics, and the curator of the succession, under the sanction of the tribunal of commerce, gave a power of attorney to Jean Claude Gravillon, of the city of New-York, with the usual

authority, to settle the estate of the deceased in Louisiana, and to receive the funds from the executor, N. B. Le Breton. This suit is instituted for the recovery of the funds, by Gravillon, who alleges, that he has substituted Joseph Albert, of New-Orleans, to the powers granted to him under the letter of attorney, and prays, that any funds which he, Gravillon, might be entitled to receive, as the agent of the syndics and curator, may be paid to said Joseph Albert, his substituted attorney.

EASTERN DIST.
*April*, 1839.

GRAVILLON
*vs.*
RICHARD'S EX'R.
ET AL.

The judge of the Court of Probates considered, that he was bound to distribute the estate according to our laws, and determined that the funds could not be remitted to the syndics and curator. He gave judgment for the defendant, and the case comes before us on an appeal.

It appears, that the deceased absconded from his creditors in France, early in the year 1837, and came to the United States, for the purpose of bettering his condition : he was some time in New-York; he arrived in the month of April in New-Orleans, and finally sunk under the load of disappointment and remorse which his conduct brought upon him.

The year of the executorship having expired, the executor rendered his account, which has been homologated ; all the claims on the estate which have been presented, or known to the executor, have been provided for in the account, and a balance of about thirty-five thousand dollars remains in his hands subject to the order of the Court of Probates.

From the evidence, we cannot assign any domicil to the deceased other than his original domicil. He does not appear to have had any idea of establishing himself in Louisiana ; he acquired no real property here, his principal investments of money were in New-York, and there is no act from which such an intention is to be inferred.

The fact of a person remaining in a foreign country, without any intention of establishing himself there, does not operate a change of his domicil ; but as soon as the will of making a permanent establishment in the country is combined with the fact of his residence, the residence even for a

*The fact of a person remaining in a foreign country without any intention of establishing himself there, does not operate a change of his domicil : but as soon as the will of making a permanent establishment in the country, combined with the fact of his residence, even for a few days, fixes the domicil.*

38          VOL. XIII.

EASTERN DIST.
April, 1839.

GRAVILLON
vs.
RICHARD'S EX'R.
ET AL.

Although exiles have two domicils in one sense, yet as to their succession, the original domicil is regarded as the true one. In questions of doubt, the original domicil is to be considered the true one.

few days fixes the domicil. *D'Argentrée, on article 449 of the Custom of Brittany.* 8 Cranch's Reports, 279.

The President Bouhier, (chapter 22, number 207,) says, that though exiles have two domicils, in one sense, yet as to their successions, the domicil they had at the time of their condemnation is only to be regarded, as the other domicil is occasional and involuntary.

The judge of the Court of Probates considered the question of domicil very doubtful. The solution of questions of this kind is often attended with great difficulty. Merlin, on this subject, says that in questions of doubt the original domicil is to be considered as the true domicil. *Merlin's Repertoire du Jurisprudence, verbo Domicile.*

For all the purposes of this inquiry, we must consider the domicil of the deceased to have been in France at the time of his death.

None of the creditors of the deceased in France have resorted to the tribunals of this state for the enforcement of their debts. There are no creditors here to be satisfied out of the funds of the estate. The creditors in France have addressed themselves to the tribunals of that country for the distribution of the funds, which must necessarily be made according to the laws of France. They have virtually repudiated a distribution under our laws. There can be no doubt as to the existence of debts of the deceased to a large amount in France. His letters establish that fact beyond controversy, independently of the judicial proceedings of the creditors in France, and the action of the tribunals on them. There is no motive of public policy, under these circumstances, adverse to the transmission of the funds to France for distribution. The power of courts to order the remission of the funds belonging to a foreign succession to the representatives of the succession authorized to receive them by the courts of the domicil of the deceased, we consider undoubted. Its exercise is necessarily a matter of discretion, depending on the circumstances of each case, and is a consequence of that comity which prevails between nations in amity with each other. The interests of commerce and of civilization require

The power of our courts to order the remission of funds belonging to a foreign succession, opened here to the representatives and creditors authorized to receive them, by the courts of the domicil of the deceased, is undoubted; and every motive of public policy requires such transmission for distribution, &c.

that this comity should be carried into effect by our tribunals.
It is done in England, and in other states of the Union, in
analogous and similar cases, and whenever the rights of our
citizens are not affected by the act to be done, we shall feel
ourselves bound to act on a principle which is impressed
upon us equally by an enlightened policy, and a certainty
that it will tend to the great purposes of justice.   For the
decisions on this important question, see 1 *H. Blackstone,*
131, 132, *note;* 1 *Mason's Reports,* 381 ; *Story's Conflict of
Laws, section* 513 ; and above all, the opinion of Chief Jus-
tice Parker, in the case of *Dawes* vs. *Head,* 3 *Pickering's
Reports,* 128.

We therefore determine, that as the interests of no one
will be injured thereby, that the Court of Probates ought to
have placed the funds of the estate at the disposal of the
syndics and curator of the vacant estate, for the purpose of
their being transmitted to the place of domicil of the deceased,
for distribution.

The power of attorney to Gravillon, sanctioned by the
tribunal of commerce sitting at Annonay, contains a clause
of substitution.   The transmission of funds abroad in a case
of this kind is a matter of comity, and not assimilated in any
manner to a payment, which could be made to an attorney
at law.   We cannot order these funds to be sent to New-
York, and they can be handed over to no one but a person
authorized by proper authority to receive them.   They must
be paid to the attorney in fact, recognized as such by the
Court of Probates, and to no one else.   Gravillon has by an
authentic act substituted Joseph Albert, of the city of New-
Orleans, to his powers, under the power of attorney to him—

It is, therefore, ordered, that the executor deliver to Joseph
Albert, of New-Orleans, the funds in his hands belonging to
the succession of the late Etienne Richard, (so called,) as the
attorney in fact of the syndics and curator of the vacant suc-
cession of the late Ennemond Richard Lioud, otherwise
called Etienne Richard, to be by him the said attorney in

fact remitted to the said syndics and curator, in the kingdom of France, there to be distributed among the creditors of the said Lioud, *alias* Richard, according to the laws of France, and that the appellee pay the costs of this appeal.