## WILLIAMS vs. HENDERSON.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

Where a defendant owns a plantation, with a dwelling-house, in a distant Parish,
and where he has resided for several years, except occasional absence in
travelling, and afterwards opens a commission-house in New Orleans, with a
view to try the commission business, and keeps his family at a boarding-house:
*Held,* that it is not such a change of domicil, as will authorize a suit against
him within two months afterwards at his new residence.

EASTERN DIS.    This is an action against the drawer of a bill of Exchange,
*May*, 1841. drawn at Warrenton, the 23d December, 1836, on Brander,
WILLIAMS      McKenna & Wright, of New-Orleans, and by them accepted;
*vs.*
HENDERSON.    payable to the order of George Henderson, 373 days after date.
The bill was duly protested for non-payment at maturity; and
on the 1st November, 1840, this suit was instituted against
Wm. Henderson, the drawer, for the sum of $3600, with costs
of protest and interest; for all of which the plaintiff prays
judgment. ·

The defendant, without admitting any of the allegations in
the petition, pleaded a declinatory exception, declining the
jurisdiction of the court, on the ground, that his *legal domicil*
and principal establishment are, and for a long time have been
in the Parish of Carroll; that he further excepts to the petition,
in not setting out the plaintiff's place of residence.

Upon these pleadings and issues the case was tried.

The opinion of the court contains a full ·and correct state-
ment of the facts and evidence of the case.

There was judgment overruling the exception, and for the
plaintiff for the amount of his demand.   The defendant ap-
pealed.

*Th. Slidell,* for the plaintiff and appellee, insisted, the
judgment was correct, and should be affirmed.

*Preston & Emerson,* for the defendant and appellant,
contended that judgment should be reversed, and one of non-
suit rendered.

The defendant's domicil and principal establishment are in
the Parish of Carroll, and not in New Orleans.    Civil Code,
42, and·Tanner vs. King, 11 La. Rep. 178.

Defendant *must* be cited at the place of his domicil; Code
of Practice, 162; and even if he reside alternately in Carroll
and New Orleans, he must be cited, where he appears to
have his principal establishment.   Ibid. 166.

Defendant never declared his intention to *change* his
domicil to New Orleans, and has done no acts in that place,

which clearly manifest an intention to make it the place of his domicil. Ibid. 168.

*Simon, J.* delivered the opinion of the court.

Defendant is appellant from a judgment rendered against him for the amount of a Bill of Exchange, by him drawn at Warrenton, on the 23d of December, 1836, on the commercial house of Brander, McKenna & Wright, to the order of George Henderson, and subsequently endorsed by the latter.

Our attention is first called to the declinatory exception taken by said defendant, on the ground, that his legal domicil and principal establishment are, and have been for a long time, in the parish of Carroll, and not in the parish and city of New Orleans, in which, he insists, he is not suable.

In support of this declinatory exception, several witnesses haveb een examined, whose testimony shows, that the defendant *has a plantation* in the parish of Carroll, very well stocked with negroes and every thing else necessary for carrying on a plantation ; that he *is now improving* said plantation, and was lately putting up a nice house upon it ; that he has no other real estate in any other parish ; that he has had a plantation in Carroll for the last ten years ; has resided there since the latter part of 1836, erected a house on the same plantation in the same year, and that with the exception of spending a part of the summer away, he has constantly resided in Carroll from 1836 up to the present time (January, 1841) ; that his family resides there, but are now in New Orleans, spending a few months *at a boarding-house;* that defendant's and family's principal residence is in the parish of Carroll ; that he is a member of the police jury of said parish, and has been repeatedly home, since he came down to the city. On the other hand, it has been established, that the defendant came to this city in September, 1840, opened a cotton commission-house, and published a notice to that effect in the papers ; that he has a sign over his door as a commission-merchant ; and is here for the purpose of receiving any favorable consignment, which may be made to him :

EASTERN DIS. that he has rented an office for some time, and rented a part of
May, 1841. it out; one of the witnesses testified, that he saw a circular of
WILLIAMS the defendant's stating that he intended coming here to locate
vs. and establish himself, soliciting the patronage of planters and
HENDERSON. others; that his consignments are small, few and far between,
and that he does not receive much cotton. Some of the wit-
nesses stated, that the defendant said, that if he could make
certain arrangements, he would quit the commission business
and return to his plantation; that he would not accept any
drafts, unless he had the cotton in his hands; that he had come
down here to try the business; and that, being a member of
the police jury, he frequently said, that he would be back in
time for the meeting in June.

From this evidence, it does not appear to us clear, that the
acts of the defendant are such, as to show on his part a manifest
intention of removing from the parish of Carroll to New Orleans,
and to make the city the place of his domicil. The 42*d article*
of the Louisiana Code says, that "the domicil of each citizen
is in the parish, wherein *his principal establishment* is selected;
and that the principal establishment is that, in which he makes
*his habitual residence*." The *art*. 43 provides, that "a change
of domicil is produced by the act of residing in another parish,
*combined with* the intention of making one's principal establish-
ment there." The *art*. 44 indicates *an express declaration*
made before the judges of the parishes, from which and to
which he intends to remove, as being a sufficient proof of inten-
tion; and by the *art*. 45, if not such declaration has been made,
the proof of the intention must depend *upon circumstances.*
According to the *art*, 166 *of the Code of Practice*, "if a de-
fendant reside alternately in different parishes, he must be cited
in that, in which *he appears* to have *his principal establish-
ment, or his habitual residence;*" and "if his residence in
each appear to be *nearly of the same nature*, in such a case he
may be cited in either, at the choice of the plaintiff, unless he
has declared, pursuant to the provision of the law, in which of
those parishes he intended to have his domicil." By the *art.*

167, "if the defendant change his domicil, he must be cited in the parish, where he has resided within the last year, or within that where he has declared, in the manner prescribed by law, that he intended to have his domicil." And in the words of the *art.* 168, "if the defendant has not made such a declaration, he may, nevertheless, be cited in the parish, where he lives, though he has not resided one whole year in it, if he has done in that parish, *acts which manifest sufficiently, that he intended to make it the place of his domicil.*"

In this case, the defendant has made no declaration, has not resided one year in the city, and our inquiry must consequently be limited to the question, whether from the circumstances shown by the evidence, he has done such acts as to evince a manifest intention of making New Orleans the place of his domicil?

As this court has said in the case of *Waller* vs. *Lea*, 8 *La. Rep.* 215, "the intention alone, however formally expressed, would not suffice ; it must be complied with by the act of residing in the new parish." In the case of *Hennen* vs. *Hennen*, 12 *La. Rep.* 195, this court held that, "the act of residing *must be combined* with the intention ;" and in the language of this court, in the case of *Turner* vs. *King*, 11 *La. Rep.* 178, "a man's domicil is *his home*, where he establishes *his household*, and surrounds himself with the apparatus and comforts of life."

Under a correct application of these principles of law and jurisprudence, can it be said that the defendant has lost or abandoned the domicil which he had in the parish of Carroll, and that he has acquired a new domicil in the City of New Orleans? Or can it be contended that his residence in each place appears to be nearly of the same nature, and makes him suable in either ? What are his acts? after having resided for a number of years in Carroll, where all his property is situated, where his household is established, where his family resides, and where he has surrounded himself with the apparatus and comforts of life, he thinks proper and convenient to come down to New Orleans, in September, 1840, (two months before the

*Where a de-fendant owns a plantation, with a dwelling-house, in a dis-tant Parish, and where he has re-sided for several years, except oc-casional absence in travelling, and afterwards opens a commis-sion house in N. Orleans, with a view to try the commission business, and keeps his family at a boarding-house: Held, that it is not such a change of domicil as will authorize a suit against him within two months after-wards at his new residence.*

71    VOL. XVIII.

EASTERN DIS. institution of this suit) *to try the business*, to open a cotton
May, 1841. commission house, and to offer his services to planters and
WILLIAMS  others as a commission merchant; he does not bring his fami-
*vs.*
HENDERSON. ly with him, except to spend a few months *at a boarding*
*house.*  The consignments which he receives, are small, few
and far between; he goes *home* repeatedly during the busi-
ness season; is a member of the police jury of the Parish of
Carroll, where he expresses his intention to return in time for
the meeting in June; and far from manifesting any determina-
tion on a change of domicil, he seems disposed to make such
arrangements as to quit the commission business and to return
to his plantation.

We cannot agree with the judge *a quo* in the conclusions
which he has drawn from the acts of the defendant. They show
nothing but an intention on his part to make an experiment,
and to try if he could successfully undertake the commission
business in New Orleans during the winter; so far he must be
considered only as a sojourner; his motives are sufficiently
explained by the circumstances, and it does not appear to us
that he ever had any intention of remaining in the city longer
than it was necessary to try the success of his experiment; his
ulterior determination was, perhaps, to depend upon the result
of his commercial pursuits, but in the meantime, his domicil
and principal establishment continued to be in the Parish of
Carroll. We are therefore of opinion that the intention of the
defendant being not combined with actual residence, the pur-
poses of the law are not satisfied, and that the District Judge
erred in overruling his declinatory exception.

For the same reasons, we do not think that the defendant's
short and momentary residence or sojourn in this city is nearly
of the same nature with his residence in the Parish of Carroll,
so as to be sued in either; he may, perhaps, acquire it hereaf-
ter, by subsequent acts; but as the case stands at present, we
feel no hesitation in saying that he was not suable in any other
parish but in that of Carroll.

It is therefore, ordered, adjudged and decreed that the judg-

ment of the District Court be annulled, avoided and reversed; that the defendant's declinatory exception be sustained, and that this suit be dismissed, the plaintiff and appellee paying costs in both courts.