## Knickerbocker Ice Co., Appellant, v. Smith.

*Contract—Referee—Employee of ice company.*

The defendant, the driver of an ice wagon, entered security with the ice company " for the prompt return of all moneys collected, prompt settlement of all shortages on ice intrusted to his care, and of all losses or damages sustained by said company by reason of his neglect." In the event of a dispute as to the amount of such moneys due, the settlement was to be made by the book-keeper of the company. The defendant refused to account for overdue ice bills which he had been unable to collect from customers. The book-keeper settled the account and charged the defendant with these bills. *Held*, that as the dispute was in regard to the construction of the contract itself, the settlement of such dispute was not committed to the book-keeper. Under the contract the defendant was not liable to the ice company for the amount of the unpaid bills.

Argued January 14, 1892. Appeal No. 19, Jan. T., 1892, by plaintiff, The Knickerbocker Ice Company, from judgment of C. P. No. 3, Phila. Co., June T., 1888, No. 853, for defendant, Andrew Smith, on a case stated. Before PAXSON, C. J., STERRETT, GREEN, WILLIAMS, McCOLLUM, MITCHELL and HEYDRICK, JJ.

The case stated was as follows :

" The Knickerbocker Ice Company, plaintiff, and Andrew Smith, defendant, entered into a contract in writing, dated April 7, A. D. 1887, said contract being contained in a certain bond and warrant of attorney thereto annexed, copies of which are attached to and made part of this case stated and marked " Schedule A."

" The defendant entered on his employment under said contract April 9, 1887, and his employment thereunder ended October 7, 1887.

" On said last-mentioned date it appeared from the books of the company plaintiff that the defendant had not made return to the company of the sum of eighty-nine dollars and seventy-six cents for ice delivered to him. A dispute between the parties hereto arose over the balances of the overdue ice bills, aggregating the above amount, remaining charged against customers on defendant's route, from whom the defendant had been specially authorized and instructed by the plaintiff to make collections throughout the season, and from whom he had

been in the habit accordingly of making collections, but which balances he had not turned in.   The defendant claimed that he had not made return of said amount for the reason that he had been unable to collect the same from the purchasers.   The plaintiff claimed that either the defendant had collected said money and failed to pay it over to the company, or that in any event by the terms of said contract the defendant was personally responsible for ice sold and not paid for by the purchaser.   The books of the company also showed that the plaintiff had retained of the wages of the defendant, under the provisions of the said contract, the sum of forty-three dollars and seven cents and the company claimed the right to retain said amount as liquidation in part of said eighty-nine dollars and seventy-six cents.

" Whereupon this dispute having arisen between the parties hereto, the proper book-keeper of the company settled the account between them in the *usual* form, and the settlement was approved by the president of the company in accordance with the provisions of the bond, and a copy of said settlement is annexed hereto, marked ' Schedule B,' and made a part of this case stated.

" If the court be of the opinion that under the terms of said contract the defendant is personally responsible for all ice delivered to him, whether paid for by purchasers or not, or if the court be of the opinion that the above settlement, contained in Schedule B, is such a one as is contemplated by the terms of the bond or contract of employment, and such as the officers of the company named in the bond to settle disputes arising thereunder had power to make, and the defendant is bound thereby, then judgment to be entered for the plaintiff in the sum of thirty-nine dollars and sixty-nine cents with interest from October 7, 1887, but if not, then judgment to be entered for the defendant in the sum of forty-three dollars and seven cents with interest from October 7, 1887."

The contract annexed to the case stated contained the following clause :

" The salary of the said Andrew Smith has been fixed at fifty dollars per month and he has agreed to accept on account of said salary the sum of ten dollars per week, and that the balance or residue thereof may be retained by said company

until the end of said term as partial security for the prompt return of all moneys collected, prompt settlement of all shortages on ice intrusted to his care, and of all losses or damages sustained by said company by reason of his neglect or nonperformance of all and several the duties of his employment, and in the event of a dispute as to the amount of such moneys due, shortages or losses or damages sustained, the settlement of the same by the proper auditor, superintendent, or bookkeeper of the company, when approved by the president or secretary of said company, shall be absolute, final, and conclusive, and said balance of salary so retained as aforesaid, or so much thereof as may be necessary, shall be appropriated on account of said indebtedness as ascertained and determined by such settlement."

The court entered judgment for the defendant. Plaintiff appealed.

*Error assigned* was the entry of judgment as above.

*Harold Goodwin*, for appellants.

*Leoni Melick*, *Sheldon Potter* with him, for appellees.

PER CURIAM, January 25, 1892.

We think that, upon the facts in the case stated, judgment was properly entered for the defendant. It was contended, however, that the settlement made by Stilwell, the book-keeper of the plaintiff company, and who was made the referee by the terms of the contract between the parties, to decide any dispute as to the moneys due to the plaintiff company, was binding and conclusive upon the defendant. This would be so as to any dispute about accounts, the amount of ice delivered to the defendant, or the amount of money returned by him. But the dispute here is in regard to the construction of the contract itself, and the settlement of such a dispute was not committed to the book-keeper.

We are of opinion that the court below properly construed the contract, and the judgment is therefore affirmed.