————o————

No. 6798.

## JACOB YOUNG v. EDWARD C. BYRNES.

### Syllabus.

A domicile once acquired is presumed to continue, and the burden of proof is upon him who alleges a change.

When a party has removed from one parish to another, but has not made any declaration of his intention to change his domicile in the manner pointed out by **Aricle 42** of the **Civil Code,** he may be sued in the Parish of his former domicile at any time during one year succeeding the date of his removal.

A temporary absence for health, pleasure or business does not constitute a change of domicile.

Appeal from the Civil District Court, Parish of Orleans, No. 112,956, Division "D"; Honorable Porter Parker, Judge. Judgment reversed and case remanded for further trial.

Dart, Kernan & Dart, for plaintiff and appellant.

Pierre D. Olivier, for defendant and appellee.

His Honor, CHARLES F. CLAIBORNE, rendered the opinion and decree of the Court, as follows:

75

This case involves a single question of commorancy.

Plaintiff sued the defendant in the Parish of Orleans on a promissory note and alleged that the defendant was a resident of the City of New Orleans.

The defendant was served personally with petition and citation by the sheriff in the City of New Orleans on June 30th, 1915.

He excepted to the suit "on the ground that this Court is without jurisdiction, *ratione personae*, he being a resident and domiciled in the Parish of St. Tammany."

The Judge of the District Court maintained the exception and the plaintiff has appealed.

The plaintiff offered the following evidence, viz:

1st. The sheriff's return of service of petition and citation on the defendant.

2nd. An Act of Mortgage dated, New Orleans, July 11, 1913, signed by the defendant as mortgagor in which he described himself as a resident of the City of New Orleans.

3rd. An Act of Sale, dated New Orleans, February 20, 1914, signed by the defendant as vendor in which he declared that he is a resident of the City of New Orleans.

4th. Another Act of Sale dated New Orleans, February 20, 1914, signed by the defendant as vendee in which he again assumes the quality of a resident of the City of New Orleans.

5th. A copy of the application of the defendant for registration which reads as follows:

> "Ward No. 10, Square No. 177, Precinct No. 7, Residence 1310 St. Andrew, Chestnut Street, square bounded by Josephine, Coliseum.

NOTICE: Section 3 of Article 197 of the Constitution of Louisiana of 1898 and Section 29 of Act 98 of 1908, provide that this form of application

"shall be entirely written, dated, and signed by him (the applicant) in the presence of the registration officer or his deputy, without assistance or suggestion from any person or any memorandum whatever, except the form of application hereinafter set forth."

"I am a citizen of the State of Louisiana, my name is **Edward C. Byrnes.** I was born in the State of Louisiana, Parish of Orleans, on the 12 day of November in the year 1875. I am now 38 years, 5 months and 29 days of age. I have resided in this State since 1875, in this parish since 1875, and in Precinct No. 7 of Ward No. 10 of this Parish since July, 1913, and I am not disfranchised by any provision of the Constitution of this State.

"This the 11 day of May, 1914.

"I HEREBY DECLARE that I am affiliated with the Democrat Party.

"Signature of Applicant, EDWARD C. BYRNES.

"Sworn to and subscribed before me this 11 day of May, 1914.

"Signed"                    JAS. F. FLYNN,

"Registrar or Clerk of Registration, Parish of Orleans.

Occupation—Clerk; color—white."

6th. Then follows the Certificate of Registration in the following words:

"No. 188            7th Precinct            10th Ward
PARISH OF ORLEANS.

"This is to certify that Edward C. Byrnes, whose genuine signature is hereto affixed was duly registered upon his personal application by the under-

77

signed Registrar of Votes for the Parish of Orleans, in the 7th Precinct, 10th Ward of the Parish of Orleans on this 11 day of May, 1914.

(Signature of Applicant) EDWARD C. BYRNES.

Signature Jas. F. Flynn &."

These solemn and sworn declarations establish with absolute certainty that upon these dates, at least, the defendant considered himself as domiciled in the Parish of Orleans.

"When there is no question of fraud, and it is the act of the party, supported by his oath, as to the right to vote, it is an important fact in connection with residence, to fix the intention as to domicile, and the same may be said of repeated declarations in public acts as to residence." *Succession Steers,* 47 *A.,* 1557; 110 *La.,* 659.

But the defendant contends that he had removed from the Parish of Orleans and had established his domicile in the Parish of St. Tammany, on June 30, 1915.

The presumption is that a domicile once acquired continues, and the burden was therefore upon the defendant to prove that he had changed it. 11 *La.,* 179; 2 *An.,* 950; 7 *An.,* 395; 47 *An.,* 1551 (1554); 109 *La.,* 1097; 123 *La.,* 1018; 125 *La.,* 594; 93 *U. S.,* 605 (610).

C. C. 41 (43):

"A change of domicile from one Parish to another is produced by the act of residing in another Parish, combined with the intention of making one's principal establishment there."

C. C. 42 (44):

"This intention is proved by an express declaration of it before the Recorders of the Parishes, from which and to which he shall intend to remove.

"This declaration is made in writing, is signed by the party making it, and registered by the Recorder."

C. C. 43 (45):

"In case this declaration is not made, the proof of this intention shall depend upon circumstances."

But in this case it is not sufficient for the defendant to prove that on the date on which he was cited, June 30, 1915, he had removed from the Parish of Orleans and had established his domicile in the Parish of St. Tammany.

The fact of removal is conceded. But the defendant must, in addition, prove one of two facts, namely: That he had made a declaration of his intention to remove according to Article C. C. 42, or that more than one year had elapsed since his removal.

The Code of Practice, Article 167, provides:

"If the defendant change his domicile, he must be cited in the Parish where he has resided within the last year, or within that where he has declared in the manner prescribed by law that he intended to have his domicile."

"Where a party has removed from one Parish to another, but has not made a formal declaration of his intention to change his domicile, if a year has not elapsed since his removal it is optional with a party desiring to sue him to bring the suit in either Parish. In cases of ambiguous domicile a presumption attaches in favor of the continuance of the former domicile, and if a party so acts as to leave it doubtful in which of two places he resides, parties interested may sue him at either."

*Ansbacher v. De Neuve*, 45 A., 988; 33 A., 910; 109 *La.*, 1097; 125 *La.*, 597.

79

"If a party has acquired a domicile in one Parish and removes therefrom to another Parish, he may be sued and, cited in the Parsh of his former domicile within one year after he removes therefrom, unless he has, by public declaration in the manner provided by law, declared the place of his domicile."

23 A., 563, *King v. Watts.*

15 A., 533, *Berry v. Gaudy.*

There is no pretense in this case that the defendant has made a declaration of intention to change his domicile. The only question therefore is does the evidence establish such a change one year prior to June 30, 1915?

Defendant himself does not testify.

His counsel offered in evidence the following documents, viz:

1st. A poll tax for the year 1914 paid by the defendant in the Parish of St. Tammany on December 31, 1914.

2nd. A certificate that the defendant had registered as a voter in the same Parish on January 4, 1915.

3rd. Another poll tax for the year 1915, paid by the defendant in the same Parish on December 31, 1915.

The payment of a poll tax does not satisfy the requirements of the C. C. 42, relative to a declaration of change of domicile. 4 N. S., 52; 17 A., 61.

If it could be construed as indicative of the "intention" of the defendant, it was not made one year prior to June 30, 1915, and therefore cannot help defendant.

The same reasoning applies to the registration of the defendant on January, 1915.

The poll tax of 1915 was paid only on December 31, 1915, after the citation, and cannot affect this case.

Senator Wm. H. Byrnes, brother of the defendant, testified that the defendant left New Orleans in July, 1913, and that he resided in Covington and has been living there constantly ever since.

The fact that the defendant went to Covington in July, 1913, and lived there is not conclusive evidence of an intention to change domicile.

There is no testimony as to any declaration or act evidencing such intention prior to December 31, 1914. When we read his declaration for registration, made in New Orleans in May, 1914, under oath, under his own signature, we are bound to give it a weight greater than the mere opinion of his brother as to his intentions.

We cannot presume that the defendant in his application for registration, committed perjury or a fraud upon the public. Besides, the truth of his oath for registration is supported by the testimony of his brother that at first, the defendant went to Covington in "search of health",, as, we know, many others do. This would refute the intention of removal, at least, in the beginning.

> "One going to another State for health, pleasure, or any temporary purpose, with the intention of returning, has a mere transitory residence which constitutes no new domicile nor an abandonment of the old one. It is not the act of inhabitance which constitutes the domicile, but the fact coupled with the intention of remaining." 2 A , 946; 8 La., 214; 12 La , 190; 13 La., 293; 18 La., 557; 12 A., 200; 15 A., 637; 20 A., 313; 33 A., 1304; 125 La., 597; 129 La., 1063; 138 La., 284.

But the only testimony of Wm. H. Byrnes is uncertain. He testifies that his brother bought a home on "Military Road", near Covington, and has lived there ever since; but

he cannot tell exactly when, but thinks it was in the fall of 1914. If we assume the correctness of that belief, it was not a year prior to June, 1915, and therefore did not relieve the defendant from liability to suit in the Parish of Orleans in June 1915.

> "If the defendant, by his own acts, has rendered the place of his real domicile equivocal and uncertain, the creditor may, on showing the fact, proceed against him in either Parish at his option."
>> 9 *R.*, 243; 2 *A.*, 950; 23 *A.*, 515; *Villere v. Butman.*

> "In question of doubt the original domicile is to be considered as the true domicile." 13 *La.*, 298.

> It is therefore ordered that the judgment appealed from be avoided and reversed, that defendant's exception be now overruled and dismissed, and that the case be remanded to the District Court for further proceedings according to law, the defendant to pay the costs of the exception herein and of this appeal.

Opinion and decree, January 9th, 1917.