LAND, J.
This suit was instituted by James A. Kinder, trustee in bankruptcy of Cleopha Benoit, against the said Benoit and one Edward Scharff to annul and set aside, as in fraud of creditors, a certain sale of real estate situated in Matagorda county, Tex., made by the said Benoit to the said Scharff on May 2, 1904, less than a month before the filing of the petition in bankruptcy. The petition alleges that both defendants are residents of the parish of Calcasieu, state of Louisiana, and sets forth sufficient facts to show that the said sale was a device to defraud creditors and to screen said property from their pursuit.
The-prayer of the petition is that the defendants be cited, and for judgment annulling and setting aside the said sale as in fraud of creditors, and decreeing the title to the said property to be vested in the petitioner, as trustee, and ordering the cancellation of the deed to said lands from the records of Matagorda county, Tex., decreeing same to be null and void and of no effect; and, in the event it be shown that the said Edward Scharff has advanced the balance of the purchase due by said Benoit on said land, that said advances be decreed a mortgage, and not vesting any title in the said Scharff. Plaintiff further prayed for all such orders and decrees that might be necessary in the premises and for costs.
The act of sale annexed to the petition shows that Cleopha Benoit, joined by his wife, Delia Benoit, on May 2, 1904, conveyed to Edward Scharff the lands in question for $7,200, paid in part by the purchaser assuming the payment of certain vendor’s lien notes with interest.
The defendant Benoit waived service of petition and citation. Sundry attempts were made to cite the defendant Scharff. Several of these citations were set aside on his exception, but finally the court sustained service at Scharff’s last place of residence in the state of Louisiana, less than one year after his departure for Texas.
Thereupon the defendant Scharff excepted to the court proceeding further with the case because without jurisdiction to grant the relief prayed for in the petition.
This exception was sustained, and the suit dismissed. Plaintiff has appealed.
The judge a quo considered this suit as one -to annul a sale of real estate located in the state of Texas, and as brought against a defendant absent from the state of Louisiana.
As the judge ruled that citation was properly. served at the last place of residence of the defendant Scharff, it follows that he must have concluded that there had been no change of domicile. In none of the pleadings *597 does this defendant aver that he is a resident of the state of Texas.[1]
A change of residence does not operate a change of domicile, unless combined with the intention of making one’s principal establishment there. Civ. Code, arts. 41, 42. The principal establishment is that in which the citizen makes his habitual residence. Id. art. 38. It requires a voluntary absence of two years to forfeit a domicile in -this state. Id. art. 46.
“The party who seeks to avail himself of a change of domicile bears the burden of proving it. 'So long as any reasonable doubt remains, the presumption is that it has not been changed.” Succession of Simmons, 109 La. 1097, 34 South. 102.
We therefore conclude that the court had jurisdiction in personam. The next question is how far such jurisdiction may be exercised to grant the relief prayed for by the plaintiff.
It is conceded that the court cannot order the cancellation of the deed on the records of Matagorda county, Tex.
Plaintiff, however, contends that the court has jurisdiction to annul the contract of sale on the ground of fraud, and to compel the reconveyance of the property or to grant any other equitable relief.
In McDowell et al. v. Read, 3 La. Ann. 391, deeds were executed in Louisiana conveying to one Mount certain lands in Mississippi in trust for the benefit of creditors. The trustee made garnishee in the suit acknowledged the conveyance as above stated, and thereupon the plaintiffs filed their petition to set aside and annul the conveyances ■made by the defendants to the garnishee, on the ground of having been made in fraud of the right of the plaintiffs as creditors and in violation of our laws.
After much consideration, the Supreme Court reversed the judgment of the district court.
The court, speaking through Eustis, C. X, said:
“In relation to annulling the deeds of trust, the judge was of opinion that the situation of the real property out of the jurisdiction of the state_ was an obstacle to the courts rendering any judgment, where the object was to recover it. We think the case referred to by the counsel for the plaintiffs establishes the principle that, where a court is called upon to enforce a right, it may avail itself of its jurisdiction over the person to do justice relative to a subject-matter beyond its territorial jurisdiction, though lands be affected by the decree. The contract between the defendants and Mount is the subject-matter upon which the court is called upon to act. Its validity is drawn in question. The responsibility of the trustee to other creditors than those provided for depends on its legality. Even if the judgment to be rendered should not be efficient in the state where the property is situated, that fact, were it ascertained, would not be sufficient to authorize the court to withhold its action upon the contract.”
The ease referred to is that of Massie v. Watts, 6 Cranch, 148, 3 L. Ed. 181, in which Marshall, O. X, as the organ of the court, said:
“In a case of fraud, of trust, or of contract, the jurisdiction of a court of chancery is sustainable wherever the person be found, although lands not within the jurisdiction may be affected by the decree.”
See, also, Cole v. Cunningham, 133 U. S. 107, 10 Sup. Ct. 269, 33 L. Ed. 538.
Counsel for defendant, however, contends that a court of equity cannot annul the title to lands situated in another state. It was held in Carpenter v. Strange, 141 U. S. 87, 11 Sup. Ct. 960, 35 L. Ed. C40, that the courts of New York had no power to decree that a deed of land in Tennessee was null and void. The court, however, said:
“The real estate was situated in Tennessee and governed by the law of its situs, and, while by means of its power over the person of a party a court of equity may in a proper case compel him to act in relation to property not within its jurisdiction, its decree does not operate directly upon the property, nor affect the title, but is made efficient through the coercion of the defendant, as for instance by directing *599 a deed to be executed or canceled by or on behalf of the party. The court has no inherent power by the mere force of its decree to annul a deed or establish a title. Hart v. Sansom, 110 U. S. 151, 155 [3 Sup. Ct. 596, 28 L. Ed. 101].”
In the Hart Case it was said that a chancery decree operates in personam only by compelling the defendant to deliver up the ■deed to be canceled or to execute a release to the plaintiff.
In the state of Louisiana, where there is no distinction between law and equity, the law gives to every creditor or the representative of all the creditors “án action., to annul any contract made in fraud of their rights.” Civ; Code, art. 1970.
“The judgment in this action, if maintained, shall be that the contract be avoided as to its effect on the complaining creditors, and that all the property or money taken from the original debtor’s estate, by virtue thereof, or the value of such property to the amount of the debt, be applied to the payment of the debt.” Id. art. 1977.
As was said in the McDowell Case, supra, the difficulty of enforcing such a judgment will not authorize the court to withhold its action on the contract.
Conceding that the district court is without power to render a decree directly annulling the title to lands in Texas, yet, under all the authorities, the said court has jurisdiction to decree that the conveyance was made in fraud of creditors, or, as alleged, is a mere mortgage, and to order the defendant to surrender the deed for cancellation, or to reconvey the property, or to restrain him from availing himself of the legal title.
The objection that such relief is not specially prayed for, and is not admissible under the prayer for general relief, is without merit. The prayer for a decree annulling and setting aside the sale as having been made in fraud of creditors and in contravention of the United States bankruptcy laws authorizes the lesser relief of decreeing the sale to be fraudulent and contrary to law, and ordering the defendant to reconvey the property or to surrender the deed for cancellation.
“Under tbe prayer for general relief, suited to the nature and justice of the case, the court may render such judgment as would be given in a new suit, to avoid circuity of action.” 1 Hennen’s Dig. (p. 734, 4) No. 5.
It is therefore ordered that the judgment below be reversed, and it is now ordered that the exception to the jurisdiction be overruled, and this cause be remanded for further proceedings according to law, costs of appeal to be paid by the defendant Scharff.

 From a document annexed to the transcript, it appears that this defendant, since the trial below, has judicially admitted that he is a resident of the parish of Calcasieu, state of Louisiana.