(135 So. 225)

**PERSON v. PERSON.**

No. 30929.

April 27, 1931.

Rehearing Denied May 25, 1931.

· Albert B. Koorie, A. D. Danziger, and P. H. Stern, all of New Orleans, for appellant.

Titche, Kiam & Titche, of New Orleans, for appellee.

OVERTON, J.

Plaintiff instituted this suit for a separation from bed and board, based upon the ground of abandonment. An order was obtained giving plaintiff the temporary custody of an adopted child of the couple, named Patricia, who was ten years of age, Frederick W. and Jack Person, issue of the marriage and aged, at the time, five and four years, respectively. On May 16, 1929, after service of the reiterated notices to return to the matrimonial domicile, followed by the reiterated service of the judgment ordering defendant to return, plaintiff was awarded a judgment, upon confirmation of default, granting him a separation from bed and board, and awarding him the permanent care and custody of the three children.

After the lapse of a year from the rendition of the judgment of separation, plaintiff filed in the same case in which he obtained the judgment, a petition for divorce, setting forth, as his cause of action, that there had been no reconciliation between him and his wife since the rendition of the judgment of separation. He made no demand concerning the custody of the children.

Defendant answered this petition, averring, among other matters, that the judgment of separation was fraudulently obtained; that plaintiff is not entitled to the custody of the children, as he is a man of habitual intemperance, and of violent temper, and has no residence of his own in which to rear them

properly; that she is entitled to their custody; that plaintiff earns from eight to ten thousand dollars a year; and that she is entitled to alimony for herself and her three children.

The answer contains no express mention of a reconventional demand, and there is no express assuming by defendant of the position of plaintiff in reconvention. However, the answer contains a specific prayer for judgment in her favor, awarding her the custody of the children, and granting her alimony for them and herself.

After the answer was filed, and following the refusal of a motion for a continuance, plaintiff moved the trial court to discontinue the suit. The court refused to grant the order, and suggested that a rule to show cause why the suit should not be dismissed be taken against defendant. This was not done.

The trial was had, but plaintiff took no part in it. Just before its close, defendant orally moved the court to strike from her answer all averments, attacking the original judgment of separation, and to confine the case entirely to the question of the custody of the children, touching which alone evidence had been offered, and suggested that plaintiff's demand be dismissed as of nonsuit.

There was judgment below, awarding, in reconvention, to defendant the care and custody of the three children; granting her alimony in the sum of $150 a month, beginning August 1, 1930, and monthly thereafter, for the care and support of the children; ordering plaintiff to return the children to defendant in the city of New Orleans within ten days from the rendition of the judgment; and dismissing plaintiff's demand for a divorce as in case of nonsuit.

The reason why the trial court did not grant the order, when presented, to dismiss the suit upon plaintiff's ex parte motion, was because, in its opinion, defendant's answer contains a reconventional demand.

██ There is a specific demand, in the answer, made by defendant against plaintiff, to be awarded the care and custody of the children. There is also a specific demand therein by defendant against plaintiff for alimony. These are coupled with specific prayers for judgment on them against plaintiff. It is true that these demands are not designated by defendant as reconventional demands or by any other name whatever, but it is also true that these demands go beyond a prayer for the mere rejection of plaintiff's demand. They are incidental demands, instituted by defendant in consequence of the demand plaintiff has brought against her, and though not so designated, are properly demands in reconvention. Code of Practice, arts. 363, 374. It is not the name by which a party may designate his demand, or the failure to designate it by any name at all, that the law considers to determine its character, but it is the substance of the demand. Ashbey, Tutrix, v. Ashbey, 41 La. Ann. 102, 5 So. 539; Edwards, Curator, v. Ballard, 20 La. Ann. 169; Schoultz v. Keller, 10 La. App. 138, 120 So. 232.

██ It was not necessary, however, that the court sign an order granting the motion to dismiss, for the motion, so far as it relates to plaintiff's demand, became effective the moment it was filed, for plaintiff's demand was under his own control. Morgan v. Whitesides' Curator, 14 La. 277. However, the dismissal cannot be accomplished at plaintiff's instance, so as to affect defendant's reconventional demands. State ex rel. John T. Moore Planting Co. v. Howell, Judge, 139 La. 336, 71 So. 529. Therefore, when the case went to trial, all that there was before the court was: First, defendant's reconventional demand for the custody of the children, which, by a prior decree, had been awarded to plaintiff; and, secondly, her reconventional demand for alimony.

The reconventional demand for alimony was, on motion made by defendant, at or near the close of the evidence, withdrawn from the consideration of the court, by the request of defendant that the case be confined entirely to the question of the custody of the children. Moreover, there is little or no evidence to support the demand. The trial court evidently inadvertently rendered judgment allowing alimony. The judgment will have to be altered in that respect.

██ The reconventional demand for the custody of the children is, in effect, a demand that the decree, previously rendered, granting plaintiff the custody of the children, be changed so as to grant their custody to defendant. Article 157 of the Civil Code, as amended and re-enacted by Act No. 74 of 1924, provides that the custody of the children shall be awarded in all cases of separation and divorce to the party obtaining the one or the other, unless the judge shall, for the greater advantage of the children, order that some or all of them be intrusted to the care of the other party. Brewton v. Brewton, 159 La. 251, 105 So. 307. The award is not irrevocable, but may be altered, in the interests of the children, as occasion may require. Pullen v. Pullen, 161 La. 721, 109 So. 400; In re Brands' Estate, 153 La. 195, 95 So. 603. It may be altered, we think, in a proper case, where, as was the case here, the facts upon which the change is sought to be made were not brought to the attention of the court, and where the court acted, in making the award, under the general rule that the custody should be granted to the one ob-

taining the separation or divorce, for it is the welfare of the children that is controlling, and not the failure to bring the facts to the attention of the court.

■■ The next question to be decided is whether the civil district court had jurisdiction, in this instance, to make any award whatever, of the custody of the children. Its jurisdiction over the custody of minors, in suits of this character, domiciled within its territorial jurisdiction, is not, and cannot be successfully, questioned. Const. 1921, art. 7, §§ 81, 34. If, however, the children were not domiciled in this state, when the court exercised jurisdiction, then it would seem to be clear that the court acted without jurisdiction, for the courts of one state have no power to change the status of citizens of another state, although they may be temporarily within its boundaries. Milner v. Gatlin, 139. Ga. 109, 76 S. E. 860; Lanning v. Gregory, 100 Tex. 310, 99 S. W. 542, 10 L. R. A. (N. S.) 690, 123 Am. St. Rep. 809. The question therefore arises: Did the civil district court for the parish of Orleans have jurisdiction over the custody of the children at the time of the present proceedings?

Under representations made by plaintiff to defendant, soon after he was granted the ex parte order, awarding him the temporary care and custody of the children, that he would bring them back to this state in two weeks, he took them ostensibly to see their grandmother, in the state of Illinois. They were not returned, but were with their grandmother at Rockford, save possibly the adopted child, who was in a convent, at the time of the trial of the present proceedings.

If the children were only temporarily absent from the parish of Orleans, unquestionably the civil district court had jurisdiction over their custody. In the petition for separation from bed and board, filed on June 5, 1928, plaintiff represents that he is a resident of the city of New Orleans, where the matrimonial domicile was established, and where it still existed. This allegation, as a part of the petition, was sworn to by plaintiff. In his petition for divorce, which was filed in the case in which the separation was granted, and which, it might be said, was nothing more than the taking of a further step in that case, based upon the decree of separation, rendered therein, plaintiff said nothing concerning his residence or domicile, thereby leaving the inference that he had made no change in his domicile. There are no facts in the record which show a change of domicile by plaintiff.

■■ When once a person's domicile is shown to be at a given place, it is presumed to exist at that place until a change is made to appear, unless it appears that the person has forfeited his domicile in this state by a voluntary absence from the state for a period of two years. Succession of Simmons, 109 La. 1095, 34 So. 101; Kinder v. Scharff, 125 La. 594, 51 So. 654; Civ. Code, art. 46. The domicile of the father, who has been awarded the care and custody of his children, whether in a proceeding for separation from bed and board or in one for divorce, is the domicile of the children. 19 C. J. 410. In this case, it does not appear that there has been a change in the domicile of the father, nor does it appear that plaintiff had voluntarily absented himself from the state for a period of two years. To hold that he had would be to base the finding on conjecture. He was certainly, for instance, present in New Orleans, in May, 1930, when he made affidavit to the petition for divorce. Under the law applicable to the facts in the record, the children must be regarded as being temporarily absent from the state when the judgment below was rendered.

The evidence supports the finding of the lower court that a change in the custody of the children should be made, and that defendant is the proper person to be awarded their custody.

For these reasons, the judgment appealed from is amended by nonsuiting the reconventional demand for alimony, and in all other respects the judgment is affirmed.