122 So.2d 350 (1960)
Mary Williams GRAVES, Applicant,
v.
Travis E. GRAVES, Jr., Respondent.
No. 9321.
Court of Appeal of Louisiana, Second Circuit.
July 27, 1960.
*351 Albert B. Bryson, Shreveport, for applicant.
Lee & Taylor, Shreveport, for respondent.
AYRES, Judge.
Writs were issued for the purpose of reviewing the correctness vel non of the action of the Twenty-Sixth Judicial District Court in and for Bossier Parish, Louisiana, in declining jurisdiction over, and in refusing to make an award of the custody of, three minor children, issue of the marriage of plaintiff and defendant. Plaintiff, by this action, sought a separation from bed and board from her husband, the dissolution of the community estate and custody of the minors, ranging in age from six months to three years. Defendant, in reconvention, sought an absolute divorce and an award of the children to his custody. After trial, plaintiff was granted a separation, as prayed for. No award of the children, however, was made because the court considered it *352 had no jurisdiction or authority to do so for the reason the children were, at the time, in the State of Michigan and, hence, beyond and outside the territorial jurisdiction of the court.
The facts, material to the issue presented for resolution as disclosed by the record, may be briefly stated. Plaintiff and defendant were married January 9, 1957, following which and until February 12, 1960, they resided and lived together as husband and wife in Bossier Parish. On the latter date plaintiff and defendant separated, plaintiff moving to an apartment in the City of Shreveport and defendant continuing to reside in Bossier Parish where as a member of the armed service he was stationed at Barksdale Air Force Base. Upon leaving the matrimonial domicile, plaintiff removed with her the three children, who remained in her care and custody until April 20, 1960, when they were forcibly taken from her by the defendant, removed from the State of Louisiana to the State of Michigan and there placed with defendant's parents.
Plaintiff instituted suit for separation on April 26, 1960, and on the same date, obtained an order of court directing defendant to show cause, inter alia, why she should not be granted the custody of the aforesaid children. The order, as issued, recited "* * * that the defendant be ordered to produce the children in court and/or physically deliver them to the plaintiff." On the court's failure to accept jurisdiction for the purpose and to the extent of making an award of the custody of the minors, counsel for plaintiff and defendant stipulated "* * * that, should the Louisiana Supreme Court rule that the judge of this Court does have jurisdiction over the children, evidence on the custody of the children would be heard for both parties litigant." Upon plaintiff's application to that court for writs of certiorari, prohibition and mandamus, the court issued the following order:
"Application not considered.
"This court will not exercise its supervisory jurisdiction in those matters over which the intermediary courts of appeal have jurisdiction unless and until all relief in those courts has first been exhausted. See, Sections 10, 29, and 30 of Article VII of the Constitution of 1921 [LSA] as amended by Act 561 of 1958, and effective July 1, 1960, and particularly that portion of Section 29 providing: `Each court of appeal has supervisory jurisdiction, subject to the general supervisory jurisdiction of the Supreme Court, over all inferior courts in all cases in which an appeal would lie to the court of appeal.'
"All rights are reserved to applicant to apply to the proper Court of Appeal for appropriate relief."
Application for such writs was subsequently made to this court, and pursuant to our order the record has been transmitted and lodged with us and the matter submitted for our consideration. Briefly stated, the question presented is: Does a court having jurisdiction of the parents in an action for a divorce and/or separation, have jurisdiction of their minor children for the purpose of awarding custody thereof, although the children have been removed from the state by one of the parents and were not present in the State of Louisiana at the time of the institution of the action or at any time thereafter? Before answering this question, we may observe there is no question of the court's jurisdiction of the parties litigant, or of plaintiff's action for a separation, or of defendant's reconventional demand for a divorce, for during a period exceeding three years following their marriage, plaintiff and defendant lived together as man and wife in Bossier Parish, Louisiana. Moreover, on answering plaintiff's demands, defendant reconvened for a divorce and prayed he be granted the custody of the children, and thus submitted himself to the jurisdiction of the court.
From our review of the record and consideration of the authorities cited by the parties in support of their respective contentions, we have arrived at the conclusion *353 that the question posed must be answered in the affirmative and that the trial court's action in declining jurisdiction of the minors and refusal to make an award of custody was erroneous. Minor children have no domicile other than that of the parents. LSA-C.C. art. 39. In Person v. Person, 172 La. 740, 135 So. 225, 227, the question of jurisdiction of the Civil District Court for the Parish of Orleans to make an award of the custody of three minor children was given consideration. There, it appears that the defendant, after having been granted, by ex parte order, the temporary custody of the children, removed them to the State of Illinois, where two of the children, issue of the marriage, were placed with their grandmother, and the third, an adopted child, in a convent. In holding that the court had jurisdiction over the children and the authority to make an award, it was there stated:
"When once a person's domicile is shown to be at a given place, it is presumed to exist at that place until a change is made to appear, unless it appears that the person has forfeited his domicile in this state by a voluntary absence from the state for a period of two years. Succession of Simmons, 109 La. 1095, 34 So. 101; Kinder v. Scharff, 125 La. 594, 51 So. 654; Civ. Code, art. 46. The domicile of the father, who has been awarded the care and custody of his children, whether in a proceeding for separation from bed and board or in one for divorce, is the domicile of the children. 19 C.J. 410. In this case, it does not appear that there has been a change in the domicile of the father, nor does it appear that plaintiff had voluntarily absented himself from the state for a period of two years. To hold that he had would be to base the finding on conjecture. He was certainly, for instance, present in New Orleans, in May, 1930, when he made affidavit to the petition for divorce. Under the law applicable to the facts in the record, the children must be regarded as being temporarily absent from the state when the judgment below was rendered."
The general rule is well established in the jurisprudence that where the jurisdiction of a person or of the res has once attached, it is not defeated by a removal of the person or the res beyond the jurisdiction of the court. Lukianoff v. Lukianoff, 166 La. 219, 116 So. 890. In the cited case, after citation had been served personally on the defendant, plaintiff obtained a judgment of separation from bed and board in Caddo Parish. Both parties subsequently became residents of New York. After the lapse of more that a year a further demand was made for a final divorce; defendant was cited through a curator ad hoc, and it was held that the district court of Caddo Parish was vested with jurisdiction to grant plaintiff a divorce a vinculo matrimonii.
In Wheeler v. Wheeler, 184 La. 689, 167 So. 191, it was held that a district court acquiring jurisdiction over a husband's suit for separation from bed and board retained jurisdiction over both parties in all incidental matters and hence, had jurisdiction of the wife's rule directing the husband to show cause why the minor children's custody should not be granted her and her husband condemned to pay alimony although he had established a domicile in another state after obtaining judgment in such suit, where wife and child, whose custody was granted him, remained within the court's jurisdiction and husband was personally served therein.
In Wilmot v. Wilmot, 223 La. 221, 65 So.2d 321, it was likewise held that a court acquiring jurisdiction of the marital status of the parties to an action for separation from bed and board retains jurisdiction over both parties in all matters incidental thereto, including questions of custody of the parties' minor children and alimony sought by the wife. There, the wife was granted custody of the minor children and subsequently moved to Tennessee, carrying the children with her. A rule having for *354 its object a change in custody of the children was subsequently filed. Jurisdiction of the court was questioned, but sustained. The court pointed out in making reference to Wheeler v. Wheeler, supra, that the question of jurisdiction was not determined on the basis of the child's presence in Louisiana, but rested on the proposition that questions of custody of the minor children and alimony are incidental demands growing out of actions for separation from bed and board or divorce, and the court having acquired jurisdiction of the res, that is, the marital status of the parties litigant, jurisdiction was retained by it over both parties in all matters incidental thereto.
In the instant case there being no question as to the court's jurisdiction of the parties litigant or of their demands respectively for a separation from bed and board and of a divorce, the conclusion is inescapable that the court has jurisdiction over the minors, issue of their marriage, and has authority to award custody thereof as their domicile is that of their parents, notwithstanding their temporary absence in another state.
Respondent further contends that the writs were improvidently issued and should be recalled. In this connection it is urged that plaintiff's remedy was by appeal. The general rule, of course, is that an appellate court will not review a decision of an inferior court through the issuance of writs when the party making application has a remedy by an appeal, unless such remedy is inadequate or the applicant would suffer injustice or irrevocable injury by being relegated thereto. The issue thus raised requires a consideration of the question as to whether or not the applicant had an adequate remedy by an appeal. From the fact that defendant has already moved the children from the State of Louisiana and because of the likelihood of his transfer, at any time, to some other state or even to some foreign country, it is clear that the remedy by appeal is inadequate. Moreover, the welfare of the minors in custody cases impels prompt and decisive action which is not always afforded by an appeal. Under such circumstances the supervisory powers of this court should be exercised to prevent a denial of justice. Wheeler v. Wheeler, supra. Pullen v. Pullen, 161 La. 721, 109 So. 400.
Appropriate to the situation here is the observation made in Wheeler v. Wheeler, supra [184 La. 689, 167 So. 192]:
"There is no doubt that, since the father was granted the custody of his daughter Kitty Ree, he might, at any time he chose, take the child to Kansas with him, and thereby render nil relator's rule for the custody of the little girl, if it is determined that the court has jurisdiction. As the court below sustained the exceptions, a suspensive appeal from that judgment would be ineffective to hold the matter status quo, because the father has already been granted the custody of the child, and, therefore, a suspensive appeal in a matter of this kind, for all practical purposes, is equivalent to a devolutive appeal. As the father, by taking the children outside of the state at any time he might elect to do so, pending the appeal, could thereby change the situation in his favor, it is obvious that an appeal under those circumstances is not an adequate remedy. In short, where it is left in the discretion of one of the litigants to decide whether or not the appeal will be adequate and where he is at liberty to pursue a certain course of conduct, which might result in a great injustice to the other litigant, before his rights are determined, it is clear that the remedy by appeal is inadequate and presents a case where this court should exercise its supervisory jurisdiction."
Therefore, respondent's contention that plaintiff has an adequate remedy by an appeal is untenable and a further conclusion *355 is likewise inescapable that the trial court has jurisdiction over the minor children whose custody is in contest in this litigation, and has authority to enforce compliance with the terms of its order and rule nisi, directing that the defendant show cause why plaintiff should not be granted the care, control and custody of their aforesaid minor children and that the defendant produce said children in court for such an award of custody and disposition as may be determined and ordered by the court.
For the reasons set forth it is ordered that the alternate writs of certiorari, prohibition and mandamus be and they are hereby made peremptory, and accordingly:
It is ordered that the Honorable the Twenty-Sixth Judicial District Court in and for Bossier Parish, Louisiana, take, accept, and exercise jurisdiction as to the award of the custody of the minors, Linda Gale Graves, Venetia Mary Graves and Travis E. Graves III, and render judgment thereupon, after hearing in accordance with the stipulation of counsel. For such purpose this cause is remanded to the said court. Costs of this proceeding are assessed against the respondent.