LUTHER E. HALL, Judge pro tem.
Plaintiff as payee of a non-negotiable promissory note for $27,240.86 brought suit against E. B. Breazeale and Francis Ber as co-makers thereof to collect the amount of the note together with interest and attorneys fees, less $5,000.00 paid on account of the principal.
Both defendants filed an answer in which they admitted signing the note but averred that no consideration was given by plaintiff therefor and that the note was obtained by plaintiff through fraud, misrepresentation and concealment of material facts. The defendant, Breazeale, did not appear personally nor was he represented by counsel at the trial of the case. The defendant, Ber, appeared and handled his own defense in proper person.
The trial resulted in a judgment in favor of plaintiff as prayed for against both defendants in solido. The defendant, Ber, engaged counsel and appealed devolutively. Breazeale did not appeal.
Counsel for appellant contends: (a) that the plaintiff in a suit on a non-negotiable note bears the burden of proving consideration and that the plaintiff herein has failed to sustain that burden, and (b) that *767 Ber’s signature to the note was obtained through fraud and misrepresentation on the part of plaintiff.
The record shows that plaintiff together with the two defendants and an unnamed fourth person owned all of the stock of two corporations which were the developers of a subdivison known as Donna Villa. The defendant, Ber, owned 25% of the stock of both corporations and had been a stockholder since their organization.
On August 27, 1958, plaintiff and the two defendants entered into a written contract which sets forth in detail the consideration given for the note herein sued on, the consideration, generally speaking, consisting of the sale by plaintiff to the two defendants of all of his stock in the two corporations and an agreement by plaintiff to endorse personally a mortgage loan which the corporations were attempting to obtain from the Hibernia Homestead. The record affirmatively shows that the plaintiff personally endorsed the mortgage note as agreed. The record fails to show whether or not plaintiff’s certificates of stock were actually endorsed by plaintiff and delivered to defendants. The record is absolutely silent in this regard, and counsel has seized upon this fact alone in support of his contention that plaintiff has failed to sustain the burden of proving consideration.
Counsel argues that under the provisions of LSA-R.S. 12:524 title to stock certificates can be transferred only by the delivery of the certificates duly endorsed, or by the delivery of the stock together with a separate executed assignment or stock power of attorney, and that plaintiff has not affirmatively proved that he did either.
The statute has reference to legal title only, and has for its main purpose the conferring on certificates for corporate shares the attributes of negotiability, and the protection of third persons who give value upon the faith of the certificates. The statute does not invalidate a transfer between the parties. See Fletcher Cyclopedia of Corporations, Vol. 12 Permanent Edition, Section 5482 pages 410, 411; 13 Am.J. Verbo “Corporations”, section 341, page 415; 18 C.J.S. Verbo “Corporations” § 393 page 930; Escat v. Leaman, La.App., 181 So. 621; State v. Schofield, 136 La. 702, 67 So. 557 at page 564.
In the instant case the contract of August 27, 1958 transferred at least the equitable title to the stock, and conferred on the defendants the right to demand and receive the certificates, or an action in damages if they could not be delivered. We conclude that plaintiff has amply proved consideration for the note.
The fraud alleged by the defendant, Ber, consists of: (1) a charge that he was induced to sign the note by representations made by plaintiff that the corporations whose stock was purchased with the note was of a value equal to the purchase price when in fact the plaintiff knew at the time that the corporations were insolvent and on the brink of bankruptcy and (2) that shortly before the note was signed plaintiff had, without Ber’s knowledge, transferred a great number of lots belonging to the two corporations to one Paul Wogan in payment for a portion of ground on the Gulf Coast which plaintiff had bought personally and had taken title to in his own name; that since plaintiff was a member of the Board of Directors of both corporations he owed a duty to disclose this transaction when selling his stock to Ber who was a stockholder only; that Ber would not have signed the note had he known of the transaction, and that his signature thereto was procured through error induced by plaintiff’s concealment.
There is not a line of testimony in the record showing that any representations whatever were made by plaintiff to the defendants concerning any of the affairs of the corporations either before or at the time the contract and note were executed. Moreover there is no proof in the record that the two corporations were insolvent or *768 on the brink of bankruptcy. The only testimony in the record is to the contrary.
The facts relating to plaintiff’s Gulf Coast land transaction are, very briefly, that Paul Wogan, the owner of a piece of Gulf Coast property, agreed to buy a number of developed lots in Donna Villa Subdivision from the two corporations involved here. At the same time plaintiff agreed to purchase Wogan’s Gulf Coast property in his own name for his own personal account. Plaintiff had a personal credit on the books of the corporations amounting to $43,000.00 resulting from money loaned to the corporations. An arrangement was made whereby plaintiff in effect took $39,000.00 of this credit and applied it on the purchase price owed by him to Wogan for the Gulf Coast property and Wogan in turn applied the $39,000.00 against the price he owed for the Donna Villa lots. The transaction was handled on the books of the corporations by simply debiting plaintiff’s account with $39,000.00 and crediting that amount to Wogan’s indebtedness for the lots sold to him. No loss was sustained by the corporations.
Appellant argues however that in the agreement of August 27, 1958 plaintiff agreed to transfer all of his rights as a creditor of the two corporations and this transaction reduced the amount of the credits which should have been transferred.
It is not shown that any representations whatever were at any time made by plaintiff to the defendants concerning the amount of his credit on the books of the corporations, as to the worth of the corporations, or any other matters pertaining thereto. The presumption is that the sale to defendants was a sale of plaintiff’s interest in the corporations as the same existed on the date of the sale. The defendant, Ber, had been a “25% partner”, as he described it, in both corporations since their inception and admitted that he had full access to the corporations’ books. It was his duty to have informed himself as to what he was buying.
We are of the opinion that the defendants have failed to prove any fraud or misrepresentation.
For the foregoing reasons the judgment appealed from is affirmed.
Affirmed.