168 So.2d 898 (1964)
Charles Henry BLACKBURN, III, Plaintiff-Appellee,
v.
Jeanne Connolly BLACKBURN, Defendant-Appellant.
No. 10253.
Court of Appeal of Louisiana, Second Circuit.
October 30, 1964.
Nesib Nader, Shreveport, for appellant.
Johnston & Johnston, Shreveport, for appellee.
Before GLADNEY, AYRES and BOLIN, JJ.
*899 BOLIN, Judge.
Following trial on the merits the lower court granted plaintiff a divorce on the grounds of adultery and likewise awarded him the permanent custody of the three children of the marriage. The mother appeals only from the custody award.
The two issues presented on appeal are: (1) whether the First Judicial District Court, Caddo Parish, Louisiana, had jurisdiction to award custody of these children; (2) assuming the court had such jurisdiction, was the lower court correct in granting custody of the children to the father?
In view of the limited nature of this appeal we shall confine our recitation of the facts to those necessary for the determination of the two issues relating to the custody award.
Charles and Jeanne Blackburn were married on July 19, 1954, in Phoenix City, Alabama, and moved their matrimonial domicile to Shreveport, Louisiana, in November 1957, where it continued until the present action was filed on May 29, 1963. Three children were born of this marriage, who at the time the divorce suit was filed, were in the physical possession of defendant. Mrs. Blackburn, with her children, went to the State of Alabama just two days before suit was filed, and service was obtained on her through a curator ad hoc. Through regularly employed counsel, defendant, on June 5, 1963, filed a rule for alimony and child custody pendente lite. Coupled with these pleadings she obtained an ex parte order of the court granting her the provisional care, custody and control of the minor children pending hearing on the rule. The rule nisi issued therein directed the plaintiff to show cause on June 12, 1963, why the wife should not be awarded the temporary custody of the minor children, and further why he should not be ordered to pay Mrs. Blackburn alimony pendente lite for the support of her and the minor children. For reasons immaterial to the issues the rule nisi was never set for trial.
Defendant's answer to the original petition was filed March 17, 1964. She categorically denied plaintiff's allegations and, in further answer to plaintiff's request for custody, averred "that this Honorable Court is not vested with the jurisdiction in order to award custody to the plaintiff herein."
At all times subsequent to the filing of the original petition defendant and the minor children have been absent from the State of Louisiana, residing some nine months with defendant's mother in Birmingham, Alabama, and subsequently with defendant's brother in Brent, Alabama.
It is strenuously urged that the facts surrounding defendant's departure and her subsequent actions in remaining in Alabama with the children is proof of her intent to change her domicile to Alabama; and that the fact that the children were physicially in Alabama, deprived the lower court of jurisdiction to award custody under the provisions of LSA-C.C. Articles 39, 41 and 46. These cited articles provide:
Art. 39:
"A married woman has no other domicile than that of her husband; the domicile of a minor not emancipated is that of his father, mother, or tutor; a person of full age, under interdiction, has his domicile with his curator."
Art. 41:
"A change of domicile from one parish to another is produced by the act of residing in another parish, combined with the intention of making one's principal establishment there."
Art. 46:
"Domicile once acquired shall not be forfeited by absence on business of the State or of the United States, but a voluntary absence of two years from the State, or the acquisition of residence in any other State of this Union, or elsewhere, shall forfeit a domicile within this State."
*900 Appellee, on the other hand, contends that at the time the suit was filed the matrimonial domicile was in Shreveport; that both plaintiff and defendant were domiciled in Shreveport; and that consequently the District Court of Caddo Parish had jurisdiction to grant the divorce as well as to decide all related matters, including settlement of the community of acquets and gains and the custody of the children. Although defendant physically resided outside of Caddo Parish for several months subsequent to her appearance in these proceedings, plaintiff contends she was, nonetheless, domiciled in Caddo Parish both at the time of the filing of the action and of the trial and could not, by removing herself from Louisiana defeat jurisdiction of the Louisiana court. Cited in support of this proposition is Person v. Person, 172 La. 740, 135 So. 225 (1931) and LSA-C.C. Art. 46.
Plaintiff further contends defendant voluntarily and affirmatively invoked the jurisdiction of the trial court by seeking the custody pendente lite of the minor children, and in obtaining an ex parte order for their provisional care, custody and control. Furthermore, it is pointed out defendant appeared as a witness in her own behalf during trial of the divorce proceeding and at no time did counsel object to the jurisdiction of the court as to that aspect of the case.
The question of jurisdiction in divorce and custody matters has frequently been considered by Louisiana courts. In Graves v. Graves (La.App. 2 Cir., 1960) 122 So.2d 350, the court had occasion to consider a case involving identical questions to those here presented. We take the liberty of quoting rather extensively from that opinion as it so aptly answers the questions before us:
"* * * Does a court having jurisdiction of the parents in an action for divorce and/or separation, have jurisdiction of their minor children for the purpose of awarding custody thereof, although the children have been removed from the state by one of the parents and were not present in the State of Louisiana at the time of the institution of the action or at any time thereafter? Before answering this question, we may observe there is no question of the court's jurisdiction of the parties litigant, or of plaintiff's action for a separation, or of defendant's reconventional demand for a divorce, for during a period exceeding three years following their marriage, plaintiff and defendant lived together as man and wife in Bossier Parish, Louisiana. Moreover, on answering plaintiff's demands, defendant reconvened for a divorce and prayed he be granted the custody of the children, and thus submitted himself to the jurisdiction of the court.
"From our view of the record and consideration of the authorities cited by the parties in support of their respective contentions, we have arrived at the conclusion that the question posed must be answered in the affirmative and that the trial court's action in declining jurisdiction of the minors and refusal to make an award of custody was erroneous. Minor children have no domicile other than that of the parents. LSA-C.C. art. 39. In Person v. Person, 172 La. 740, 135 So. 225, 227, the question of jurisdiction of the Civil District Court for the Parish of Orleans to make an award of the custody of three minor children was given consideration. There, it appears that the defendant, after having been granted, by ex parte order, the temporary custody of the children, removed them to the State of Illinois, where two of the children, issue of the marriage, were placed with their grandmother, and the third, an adopted child, in a convent. In holding that the court had jurisdiction over the children and the authority to make an award, it was there stated:
"`When once a person's domicile is shown to be at a given place, it is *901 presumed to exist at that place until a change is made to appear, unless it appears that the person has forfeited his domicile in this state by a voluntary absence from the state for a period of two years. Succession of Simmons, 109 La. 1095, 34 So. 101; Kinder v. Scharff, 125 La. 594, 51 So. 654; Civ.Code, art. 46. The domicile of the father, who has been awarded the care and custody of his children, whether in a proceeding for separation from bed and board or in one for divorce, is the domicile of the children. 19 C.J. 410. In this case, it does not appear that there has been a change in the domicile of the father, nor does it appear that plaintiff had voluntarily absented himself from the state for a period of two years. To hold that he had would be to base the finding on conjecture. He was certainly, for instance, present in New Orleans, in May, 1930, when he made affidavit to the petition for divorce. Under the law applicable to the facts in the record, the children must be regarded as being temporarily absent from the state when the judgment below was rendered.'
"The general rule is well established in the jurisprudence that where the jurisdiction of a person or of the res has once attached, it is not defeated by a removal of the person or the res beyond the jurisdiction of the court. Lukianoff v. Lukianoff, 166 La. 219, 116 So. 890. In the cited case, after citation had been served personally on the defendant, plaintiff obtained a judgment of separation from bed and board in Caddo Parish. Both parties subsequently became residents of New York. After the lapse of more than a year a further demand was made for a final divorce; defendant was cited through a curator ad hoc, and it was held that the district court of Caddo Parish was vested with jurisdiction to grant plaintiff a divorce a vinculo matrimonii.
"In Wheeler v. Wheeler, 184 La. 689, 167 So. 191, it was held that a district court acquiring jurisdiction over a husband's suit for separation from bed and board retained jurisdiction over both parties in all incidental matters and hence, had jurisdiction of the wife's rule directing the husband to show cause why the minor children's custody should not be granted her and her husband condemned to pay alimony although he had established a domicile in another state after obtaining judgment in such suit, where wife and child, whose custody was granted him, remained within the court's jurisdiction and husband was personally served therein."
The court in the Graves case discussed the case of Wilmot v. Wilmot, 223 La. 221, 65 So.2d 321 (1953) which held that once a court acquired jurisdiction of the marital status of the parties to an action for separation from bed and board, it retained jurisdiction over both parties in all matters incidental thereto, including questions of custody of the parties' minor children. There, the wife was granted custody of the minor children and subsequently moved to Tennessee, carrying the children with her. A rule having for its object a change in custody of the children was subsequently filed. Jurisdiction of the court was questioned, but sustained. The court pointed out in making reference to Wheeler v. Wheeler, supra, that the question of jurisdiction was not determined on the basis of the child's presence in Louisiana, but rested on the proposition that questions of custody of minor children and alimony are incidental demands growing out of actions for separation from bed and board or divorce; and that the court having acquired jurisdiction of the res, jurisdiction was retained by it in the matters incidental thereto.
*902 It was concluded by the court in the Graves case that there being no question as to the court's jurisdiction of the parties litigant or of their demands respectively, for separation from bed and board and of divorce, it necessarily followed the court had jurisdiction over the minors, issue of the marriage, and authority to award custody thereof as their domicile is that of their parents, notwithstanding their temporary absence in another state.
In the instant case, we hold the Caddo Parish District Court had jurisdiction over the parties litigant and the divorce proceeding, and in light of the foregoing authorities the trial court had jurisdiction to determine the custody of the children. In view of this determination there is no need to pass on the issue of whether the wife, by obtaining the provisional custody order or by her appearance at the trial, voluntarily submitted to the jurisdiction of the court.
We come now to the second issue raised by appellant, that is whether the court correctly awarded custody of the minor children to the father. Counsel for appellee concedes that, although LSA-C.C. Art. 157 expressly provides that custody of minors should be awarded to the spouse obtaining the separation or divorce, this rule is tempered by the jurisprudential admonition that the mother be preferred in custody matters, unless she is shown to be morally unfit.
This preferential exception is likewise subject to the exception that a mother will be denied custody of the children of a marriage, even though there may be no proof of moral unfitness, in the event it appears she either cannot or does not provide a proper and wholesome homelike admosphere in which to rear the children. Morris v. Morris (La.App., 1 Cir., 1963) 152 So.2d 291, and cases therein cited.
In the present case the evidence upon which the plaintiff relied in obtaining a divorce for adultery was conclusive. It was admitted by the defendant on the stand. Numerous witnesses appeared who had lived near or been associated with defendant during the three or four years prior to the filing of this action. They were unanimous in their condemnation of the defendant based on their own knowledge of her use of profanity in front of her own children and children of others; of her habit of discussing her extra-marital activities with friends and acquaintances, including a 14-year-old babysitter; and of her custom of keeping the small children indoors with blinds drawn during the day. Further, it was admitted by defendant that her mother was an alcoholic, had been convicted of possession of narcotics and that she and the children had lived with her mother for at least nine months subsequent to her departure from Shreveport. The only evidence of defendant's present ability to care for the children and to provide a "proper and wholesome atmosphere" for their rearing is her own testimony. She contends she underwent shock treatments in Alabama which "cured" her of emotional instability and tendency to depression and that she planned to move into a separate apartment in Brent, Alabama, where the children would no longer be subjected to the influence of her mother.
In contrast to the testimony adduced concerning the morals of the mother was that relative to the father. Mr. Blackburn, a graduate of Auburn University, was described by his neighbors as "a perfect gentleman". Further, the neighbors and friends were unanimous in their opinion that he was a fine person and a good father. It was stated in brief for appellee that the father has remarried since the trial and that the present wife is ready and anxious to be a mother to these children. It was further shown the father was buying a home near Cross Lake and there was ample room in the home for the children.
In view of the failure of defendant to produce witnesses to corroborate her contention that she has "changed" we conclude *903 the lower court had before it ample evidence to support an award of custody of the minor children to the father, Charles Henry Blackburn, III.
For the foregoing reasons the judgment of the lower court is affirmed at appellant's costs.
Affirmed.