BARNETTE, Judge.
W. S. Good, Jr., brought this suit against .Frank Ber and E. B. Breazeale alleging an indebtedness of $13,060 with interest and attorney’s fees under the provisions of a contractual agreement containing a hold harmless clause. Good alleged that he had been required to pay this sum as endorser on two certain promissory notes made by W. S. Good, Jr., Inc., and E. B. Breazeale, Inc., payable to W. Coy Vinson. Judgment was rendered below for plaintiff Good against the defendants jointly, severally, and in solido in the sum of $13,060 with legal interest from date of judicial demand. The defendant Frank Ber has appealed suspensively. The defendant Breazeale has not appealed.
The appellant Frank Ber has filed in this court a plea of res judicata.
W. S. Good, Jr., and E. B. Breazeale were business associates in the development of residential subdivisions in the New Orleans area. In 1956 they formed two corporations: W. S. Good, Jr., Inc., and E. B. Breazeale, Inc. Shortly after incorporation, Frank Ber obtained a 25-per-cent interest in the corporations for an investment of $25,000. W. Coy Vinson invested $10,000 in these corporations and in addition made a loan of $50,000 secured by two notes of $25,000 each, dated November 16, 1956, due on or before two years. One note was given by W. S. Good, Jr., Inc., by W. S. Good, Jr., President; the other by E. B. Breazeale, Inc., by E. B. Breazeale, President. Both notes were endorsed by Good and Breazeale personally-
On August 27, 1958, Good sold all of his interest in the two corporations and in and to all land owned or developed by either corporation, and particularly that known as Dona Villa Subdivision, for $27,240.86, represented by a nonnegotiable note of purchasers. As a part of the consideration for the agreement, Good agreed to personally endorse certain notes of very substantial amounts which were necessary for obtaining mortgage financing to complete the development of the tract known as Dona Villa Subdivision. Breazeale and Ber agreed to hold him harmless on account of such endorsements. The agreement also contained the following clause which forms the basis of the present litigation between the parties:
“Upon the execution of this agreement, it is the understanding of the parties-hereto that the vendor shall not be held responsible for any of the debts or obligations of E. B. Breazeale, Inc. or W. S. Good, Jr., Inc., whether presently existing or which shall come into existence in the future, and the said vendor shall in turn have no right, title or claim against either of said corporations, all of the vendor’s claims against either of said corporations being hereby transferred and assigned to the purchasers herein.”
At the time the foregoing agreement was; executed the two $25,000 notes given by the two corporations to Vinson and endorsed by Good and Breazeale had not matured and were outstanding as debts of the corporations.
On November 15, 1961, Vinson brought two suits (one on each note) against each corporation and Good and Breazeale, individually and in solido as endorsers for payment of an alleged balance of $10,007.-54 due on each note, plus interest and attorney’s fee. The two suits were, respectively, No. 396-065 and No. 396-066 on the docket of the Civil District Court for the Parish of Orleans and were consolidated under the lower number. By chance they were allotted to the same judge in the di *200 vision of the district court before whom the case was tried. Answers and certain other pleadings were filed timely and thereafter they were not called for trial and no definitive action was taken in either suit until during the trial of the present suit when they were ordered dismissed, first without prejudice and then with prejudice.
On February 23, 1965, W. S. Good, Jr., filed in each of the foregoing suits a pleading which was captioned “Answer and Reconventional Demand” but which in reality was neither a reconventional demand nor a third party demand. It was not reconventional because it was not directed to the principal plaintiff, but rather to a codefendant and a third party. It was not a third party demand because it was in no manner contingent upon the outcome of the demands of the principal plaintiff. It alleged that the principal plaintiff’s demands had been satisfied by the payment of $13,060 for which Good was entitled to recover under a contractual agreement from the persons named by him as defendants. This pleading under a false caption will be considered for what it is. See Person v. Person, 172 La. 740, 135 So. 225 (1931), and cases cited therein. It was an attempt by Good to bring a direct action against Breazeale and Ber under the hold harmless agreement. Whether or not .■such independent action was improperly filed in the two pending suits and might bave been dismissed on appropriate exception is not a question calling for our 'Opinion here. Suffice it to say that by the demand Good sought recovery of $13,060 :and prayed for judgment against Breazeale and Ber. His demand and prayer was in no manner contingent or dependent upon the principal demands of the plaintiff Vinson.
The present suit was filed by Good against Breazeale and Ber on December 8, 1965, and as we stated above, it is based on the same hold harmless agreement and seeks recovery of the same sum of money, $13,060, which he allegedly paid Vinson in settlement of the suits Nos. 396-065 and 396-066. These suits were specifically pleaded by plaintiff in the present suit. The complete records were filed in evidence on trial below.
When the present suit was filed by Good against the same defendants based on the same cause of action, a plea of lis pendens might have been filed, however that was not done timely and issue was joined in the present suit by filing of answer. LSA-C.C.P. arts. 925, 928. Present counsel for defendant Ber pointed out in brief in this court that he did not come into the case until after issue had been joined and was therefore precluded from filing an exception of lis pendens.
Counsel for defendant Ber urges the exception of res judicata based on the following judgment rendered in the two earlier consolidated cases during the trial of the present suit:
“Taking cognizance of the testimony of Emile Wagner, Jr., counsel for plaintiff W. Coy Vinson, consenting to the dismissal of Case Nos. 395-065 and 395— 066 with prejudice:
“IT IS ORDERED, ADJUDGED AND DECREED that there be judgment herein dismissing plaintiff’s suit with prejudice in Case Nos. 395-065 and 395-066.”
Defendant Ber’s contention is that with the dismissal of the first suits with prejudice, all incidental demands in those suits were dismissed and the judgment of dismissal with prejudice, having not been appealed, is final and hence the plea of res judicata should be sustained.
The exception is without merit. In the first place, we have pointed out that the so-called “reconventional demand” was not an incidental demand but a distinctly separate and independent action by Good against Breazeale and Ber. They were personally served with citation and stood as defendants against Good, the plaintiff, irrespective of Vinson’s suit, the demand of which on the face of Good’s petition had been satisfied.
*201 Furthermore, the trial judge stated on trial below that while the dismissal of suits Nos. 396-065 and 396-066 were with prejudice as to the plaintiff Vinson, it was not to affect the rights of Good against Brea-zeale and Ber in the suit before us.
Next, defendant Ber admits the execution of the hold harmless agreement but argues that there was no legal justification for the payment of $13,060 by Good to Vinson. He makes reference to the extremely irregular manner in which the corporate records were kept and points particularly to the testimony of Emile A. Wagner, attorney for Vinson in suits Nos. 396-065 and 396-066 to the effect that he had “not the slightest remembrance” of the amounts paid to him for the account of Vinson on the notes in question.
 We must agree with counsel that the burden is upon the plaintiff to prove his claim with certainty. It is not contended that the plaintiff Good has not proven beyond any question the payment of $13,060 in settlement of Vinson’s suits on the notes. Defendants contention is that Vinson could not have proven his claims with certainty and hence Good could not bind his warrantors by making payment of a sum which could not have been proven. The evidence in the record before us leaves no doubt that the settlement of Vinson’s claims on the two notes for $13,060 was a very good settlement from the standpoint of the defendants. We find that Vinson would have had no difficulty whatever in proving a balance due on the notes substantially in excess of the amount paid by Good for full settlement, resulting in a substantial benefit to defendants Ber and Brea-zeale. The action taken by Good in settling the Vinson suits has in no manner deprived Ber of any defense he might have had against the independent action of Good against him. As a matter of fact in the lengthy trial below involving some 560 pages of testimony and numerous exhibits Ber made the most of his day in court.
It has been argued on behalf of defendant Ber that the payment of $13,060 made by Good to Vinson was in settlement not only of the alleged balance due on the notes, but also included a sum which Good personally owed Vinson and which was not included in the hold harmless agreement. The testimony does not support this contention.
There was testimony that the $10,000 stock investment of Vinson, over and above the $50,000 loan represented by the two’ notes, was “guaranteed,” and there is some inference which might be drawn from testimony taken out of context that the payment of $13,060 was to settle all of Vinson’s claims. There is however no evidence that the guarantee was not an obligation of the corporation and hence covered by the hold harmless agreement, as much so as were the two $25,000 notes. Furthermore there is no evidence that Vinson ever made a claim on account of this alleged “guarantee,” and there is the specific denial by Good that he ever paid Vinson anything against his stock purchase.
The next contention made by defendant Ber is that he was released from his hold harmless obligation to Good by the release, without his knowledge or consent, of certain lots included in a mortgage given as collateral security for the two $25,000 notes. The principle of law upon which Ber relies is not applicable to the facts in this case.
When the sale of all of Good’s interests in the two corporations was made and the agreement executed August 27, 1958, the two $25,000 notes were outstanding debts of the corporations, and were not secured by mortgage collateral. After maturity of the notes Vinson pressed for payment, but Good and Breazeale prevailed upon him not to bring suit by giving to him as collateral for the notes a mortgage executed by Iroquois Corporation, a corporation owned or controlled by Breazeale. This mortgage covered a substantial *202 amount of real estate owned by Iroquois. The mortgage was duly executed and the notes paraphed for identification therewith March 21, 1960. Thus Ber unknowingly became the gratuitous beneficiary of the collateral security. Thereafter certain lots embraced by the mortgage were released December 28, 1960, also without Ber’s knowledge. It is this release of which he now complains. There is no basis for such complaint since Ber’s obligation assumed by the contract of August 27, 1958, was in no way prejudiced by the subsequent mortgage transactions.
In his answer to plaintiff’s petition defendant Ber pleaded fraud and failure of consideration. Throughout the trial below there were repeated attempts to prove that Ber had been rushed into a situation deceitfully and that certain material facts relating to the financial soundness of the corporations were fraudulently withheld.
Fraud must be strictly proved and there is no evidence whatever in the record to support the charge. Ber had many opportunities to inquire into the financial affairs of the corporations, and there is no evidence that he ever sought information which was not given. He did not respond to notices informing him of meetings to be held and in general acted with an apparent indifference difficult to understand considering his very substantial investment in the two corporations. In view of our opinion in Good v. Breazeale, La.App., 148 So.2d 766 (1963), wherein we discussed Ber’s plea of fraud and want of consideration in Good’s suit on the $27,-240.86 note given by Breazeale and Ber in connection with the purchase agreement, we find it unnecessary to discuss the issues further.
Finally, in the alternative, defendant Ber contends that the judgment appealed from is in error in that he and Breazeale are cast in solido and that in any event his liability to plaintiff is no more than joint. We must agree and the judgment will be amended accordingly. The basis of the obligation of defendants to Good is the hold harmless clause in the agreement which we have quoted above. We can find nothing therein to indicate an intention of the parties that the obligation be in solido and thus we hold it to be a joint obligation. LSA-C.C. arts. 2080 and 2082.
For the foregoing reasons the exception of res judicata is overruled and the judgment appealed from is amended by deletion of the words “severally and in solido” and as amended is affirmed.
Amended and affirmed.