GARSAUD, Judge.
Plaintiff-appellant, a professional corporation, appeals from the trial court’s judgment sustaining defendants-appellees’ exception of improper venue. Appellant sued appellees, domiciliaries of Rapides Parish, in the First City Court of New Orleans for $400 allegedly owed on a contract for dental services performed by appellant’s employee for the benefit of appellee Nurit Wahlder. To this suit, appellees filed a pleading entitled “Exception of Improper Venue and Answer.”
The sole issue on appeal is whether the appellees’ pleading contained a reconven-tional demand. If it did not, the sustaining of the exception of improper venue was correct. If it did, the appellees have waived their objection to the venue, and sustaining the exception was error.
In defendants’ pleading captioned “Exception of Improper Venue and Answer,” after praying that the exception be maintained and plaintiff’s suit be dismissed, the defendants state, “Now, without waiving the exception set out above [improper venue], defendants answer plaintiff’s petition as follows: . . . .” There follow 12 numbered paragraphs basically denying the allegations of plaintiff’s petition. Immediately preceding paragraph 13 defendants *353 state, “And now, still without waiving the exception set out above, defendants further respectfully represent: . . . Paragraphs 13 through 16 then allege negligence on the part of appellant’s employee and breach of contract, all resulting in certain enumerated damages.
Paragraph 17, the last paragraph of defendants’ pleading, then states,
“Defendants in reconvention are entitled to recover all costs of these proceedings.
“WHEREFORE, Nurit Wahlder, wife of/and Michael M. Wahlder pray for judgment rejecting plaintiff’s demands at its costs.”
Appellant contends that this pleading amounts to a reconventional demand, thus waiving the exception. The appellees contend that their pleading does not contain a reconventional demand, but rather is an answer alleging an affirmative defense by way of set-off.
The style of the pleading will not be determinative, one way or the other. The substance of the pleading controls. Person v. Person, 172 La. 740, 135 So. 225 (La.1931); Good v. Ber, 212 So.2d 198 (La.App. 4th Cir. 1968), writ ref. 252 La. 890, 214 So.2d 717; Bert’s Boat Works, Inc. v. Cuccia, 278 So.2d 134 (La.App. 4th Cir. 1973).
Under Article 1032 of the Code of Civil Procedure, a plaintiff in reconvention must adhere to the same rules for pleading as a plaintiff in a direct action. Under C.C.P. Art. 891, the plaintiff “shall conclude with a prayer for judgment for the relief sought.” (Emphasis added.) Here the relief sought was simply “the rejection of plaintiff’s demands at its costs.” By its very terms, the relief sought does not go beyond a prayer for the mere rejection of plaintiff’s demand to a specific demand against plaintiff. Hence, it lacks the essence of a demand in reconvention. See Person v. Person, supra.
Further, C.C.P. Art. 1063 requires service of the petition in reconvention to be made by the sheriff in the manner prescribed in C.C.P. Art. 1314. No such service was utilized here, reaffirming the limited request evidence by the prayer for mere rejection of plaintiff’s claim.
Appellant relies heavily on Mexic Bros. v. Sauviac, 191 So.2d 873 (La.App. 4th Cir. 1966). We believe this reliance is misplaced, as Mexic Bros. proceeds from the proposition that a reconventional demand was filed. In other words, a basic fact in that case is the very issue in this case.
For the reasons assigned, we affirm the decision of the trial court maintaining the exception of improper venue.

AFFIRMED.