SAMUEL, Judge.
Plaintiff, a building and remodeling contractor, entered into a building contract with the defendants and a local homestead association, which supplied the financing, to remodel defendants’ residence in New Orleans. Among other things the contract provided that the work was to be done ira strict accordance with the plans and specifications identified therewith and that no> work of any description or kind” * * * shall be considered as extra, unless a separate estimate in writing for the same before its commencement shall have been submitted by said Contractor and the consent of said Owner and said Association obtained thereto in writing.” The contract price was $11,700.00 and the work to be done consisted of roofing, building a utility room and carport, adding a kitchen and installing cabinets. In due course the work was completed and accepted and the full contract price was paid with the exception of $1,170.00 which the homestead held subject only to the production of clear certificates.
This suit is for extras which plaintiff alleges resulted from numerous changes and additions requested by defendants and provided by plaintiff at substantial and additional cost to him. The petition prays for judgment in the amount of $5,820.34, the cost of the extras plus supervisory expenses and overhead and a profit, as allegedly agreed upon between plaintiff and defendants, or alternatively in the amount of $4,200.83, the actual cost of the extras and expenses to plaintiff. Defendants answered denying liability.
The district judge transferred the matter to the Commissioner of the Civil District Court for trial under the provisions of LSA-R.S. 13:1147. After hearing the *249 testimony and argument, the Commissioner made a written report of his findings to the ■district court as required by the cited statute. The Commissioner’s finding of facts con■cluded that, with two exceptions (an additional brick planter in the amount of $67.00 and extra labor involved in removing a floor furnace and the reinforcing thereof in the amount of $56.89), all extras should be disallowed and the recommended judgment was worded accordingly. Exceptions to the Commissioner’s report were filed by the plaintiff and the matter was submitted to the trial court after argument.
The judgment of the trial court approved, ■adopted and ratified the findings of the •Commissioner. That judgment awarded plaintiff the total sum of $123.89, reserved his right to receive the last payment held by the homestead and rejected his demand in all other respects. Plaintiff has appealed.
Three material facts are not in dispute: (1) The contractual provision that no work ■of any kind shall be considered as extra unless a separate estimate in writing before its commencement was submitted by the contractor and the consent in writing of the owner and the homestead obtained thereto was not complied with; no estimate was submitted and no consent given in writing, plaintiff’s claim being based on alleged oral requests made by the defendants; (2) The plans and specifications identified with the contract were prepared by plaintiff and were incomplete and ambiguous; and (3) The defendant husband visited the job daily, or almost daily, while the work was in progress.
Plaintiff contends not only that the extra work was done at the specific request of the defendants, but that, because of the defendant husband’s frequent visits to the job and the extensive amount of extra work performed, the same could not have been done without his knowledge and the defendants are liable under LSA-Civil Code Articles 2763 and 2764, particularly the latter, which articles provide:
“When an architect or other workman has undertaken the building of a house by the job, according to a plot agreed on between him and the owner of the ground, he can not claim an increase of the price agreed on, on the plea of the original plot having been changed and extended, unless he can prove that such changes have been made in compliance with the wishes of the owner.” LSA-C.C. Art. 2763.
“An exception is made to the above provision, in a case where the alteration or increase is so great, that it can not be supposed to have been made without the knowledge of the owner, and also where the alteration or increase was necessary and has not been foreseen." LSA-C.C. Art. 2764.
The witnesses who testified before the Commissionér included the various subcontractors (plaintiff subcontracted all of the work with the exception of the carpentry), plaintiff’s general superintendent, the two defendants and the homestead’s building expert.
Generally, the subcontractors testified they had performed more work than they had anticipated in their original bids. But they admitted that such additional work was authorized only by plaintiff’s superintendent; they were not asked by the defendants to perform any of that work. The subcontractors also admitted they were not familiar with, and had never seen, the plans and specifications identified with the contract upon which this suit is based and under which the work was to be done.
Plaintiff’s superintendent testified the defendants requested frequent changes and additions not covered under the contract; that he did not obtain the contractually required written consent, although plaintiff did have regular printed forms customarily used for that purpose, because he knew the defendant husband personally and therefore regarded an oral “gentlemen’s agreement” as sufficient. He further testified he informed defendant that plaintiff antic *250 ipated a $2,400.00 profit on the original contract and that he would supply any extras desired by the defendant on a cost basis plus the total amount of the profit originally anticipated.
Defendants admitted that the work had been performed but emphatically denied they had requested or received any extras. They claimed that all the work was covered by the contract and nothing should be considered additional.
The homestead’s building expert, T. L. Perrier, an architect of many years experience, testified that he made six inspections of the job during the progress of the work and after its completion and the only thing he noticed which was not called for by the plans and specifications, or which could be classified as extra, was the planting box.
A more detailed discussion of the testimony would serve no useful purpose. It suffices to say that, as was also true of the trial judge, we are in agreement with the Commissioner’s findings of fact. The only testimony that changes and additions were requested by the defendants is that of the superintendent. And the above quoted Civil Code articles cannot prevail in favor of plaintiff.
Civil Code Article 2764 is based upon the principle that the owner has assented to the extras where they are made with his knowledge and without his objection. Such is not the case here. Defendants cannot be held to have assented to extras unless they knew that the additional work constituted such; and we are satisfied from all of the testimony, and from the plans and specifications themselves, that defendants reasonably believed the additional work sued for, with the two exceptions noted by the Commissioner, was contemplated by and included in the plans and specifications.
For the reasons assigned, the judgment appealed from is affirmed; plaintiff to pay costs of this appeal.
Affirmed.