278 So.2d 134 (1973)
BERT'S BOAT WORKS, INC.
v.
Jay CUCCIA.
No. 5488.
Court of Appeal of Louisiana, Fourth Circuit.
May 1, 1973.
Rehearing Denied June 5, 1973.
Occhipinti, Tamberella & Grace, Christopher T. Grace, Jr., New Orleans, for defendant-appellant.
Loeb & Livaudais, Claire Loeb, New Orleans, for plaintiff-appellee.
Before SAMUEL, LEMMON, and GULOTTA, JJ.
GULOTTA, Judge.
This suit involves a claim for the amount owed by defendant boat owner for boat repairs.
The facts are that Jay Cuccia in August, 1970, brought his twenty-eight foot 1956 Chriscraft to plaintiff's yard to have repairs made on the decking and bottom, including replacing deteriorated wood, fiberglassing and painting. A (rough) estimate approximating $800.00 was made by Bert Chattellier, the owner of the boat works. After repairs were made, Cuccia was billed for the sum of $1,814.61. Defendant refused to pay the amount of the bill, contending that he owed the sum of $800.00 as agreed upon. This suit followed.
From a judgment in plaintiff's favor in the full amount, defendant appeals. Defendant contends that the trial judge erroneously concluded in his reasons for judgment that plaintiff's claim is based on quantum meruit and/or an open account. It is Cuccia's position that plaintiff's claim is more properly based on a contract for services rendered and that recovery can only be limited to the price agreed upon. Plaintiff, on the other hand, insists that an itemized list of hours of labor and materials totaling the sum of $1,814.61 was used in the repair of the boat.
There is no dispute on the man hours or on materials used in the repairs. It was stipulated that were the employees of the *135 boat works called as witnesses, they would testify that they had worked on defendant's boat on the dates and for the amount of hours specified. The dispute is on the price to be paid.
At the outset, we are not impressed by defendant's argument that recovery should be denied because plaintiff is not entitled to proceed via a suit on an open account. How a matter is styled or labeled is immaterial. If one has a cause of action and states it, how he styles the claim is of no moment.
Now turning to the heart of the dispute, we are convinced from the evidence that an agreement was reached between the parties on the repairs to be made and on the approximate price to be paid. LC.C. art. 1779.[1] While the price discussed and agreed upon was an estimated one, it is clear that the cost of the repairs was in the area of $800.00. According to plaintiff, this "rough" estimate or "guess" around $800.00 was given to defendant to fiberglass the top and the decks and to paint the sides and bottom. Given this estimate, defendant left the boat at the boat works to have it repaired.
At this point, there is a dispute as to the extent of the repairs that were agreed upon. According to defendant, the repairs made were contemplated in the original discussion at the time the rough estimate was made; however, Larry Jenkins, an employee of plaintiff who worked on the repair of the boat, indicated that more deterioration was found than contemplated requiring additional repairs. Assuming that additional work was necessary requiring a greater expenditure than contemplated, plaintiff failed to seek or obtain authority for this additional expense. Neither Bert Chattellier nor Larry Jenkins discussed any increased costs for the repair in spite of the fact that the defendant on three or four occasions, according to Jenkins, came to inspect the progress of the work. Moreover, defendant Cuccia testified that when Chattellier made the rough estimate, he discouraged the defendant from expending any more than $800.00.[2]
It is clear, therefore, that plaintiff had no authority to undertake any additional repairs, if any were required, necessitating an expenditure of well over twice as much as the original amount of the estimated cost. Without Cuccia's consent to the additional repairs, and in the absence of circumstances from which that consent could reasonably be implied, plaintiff cannot now charge to him the amount billed in excess of the estimated cost.
In Bagur v. Power, 156 So.2d 248 (La. App. 4th Cir. 1963) in a case involving a suit for "extras" in connection with the renovation of immovable property, we said that where the additional work is done without permission or authorization of the owner and he (the owner) reasonably believed that the additional work was contemplated by and included in the original plans, the plaintiff contractor cannot recover for those extras. In the instant case, not only is there reasonable basis for defendant's belief that the work was included in the original price, but the repairs ultimately made were similar in nature to those discussed and contemplated by both parties. Under the circumstances, defendant cannot be bound for payment of the amount in excess of the sum of $800.00.
Accordingly, the judgment is amended reducing the amount of the award in favor of plaintiff from $1,814.61 to $800.00 with *136 interest thereon from the date that payment was due.[3] Costs of the appeal are to be paid by plaintiff-appellee.
Amended and affirmed.
NOTES
[1] L.C.C. art. 1779 reads:

"Four requisites are necessary to the validity of a contract:
"1. Parties legally capable of contractting.
2. Their consent legally given.
3. A certain object, which forms the matter of agreement.
4. A lawful purpose."
[2] The boat was 14 years old at the time of the repair job.
[3] L.C.C. art. 1938; L.C.C. art. 2553. See also Calhoun v. Louisiana Materials Co., 206 So.2d 147 (La.App. 4th Cir. 1968), writs refused, 251 La. 1050, 208 So.2d 324.